NEW YORK LIFE INSURANCE COMPANY v. NELLIE T. KINCAID.

167 Sou. 365.

Opinion Filed April 11, 1936.

*Doggett, McCollum, Howell & Doggett,* for Plaintiff in Error;

*George P. Garrett,* for Defendant in Error.

PER CURIAM.—It clearly appears that the insurer had no right on August 6, 1929, to declare the policies to have lapsed on June 30, 1929, when the insurer held the 1928 and 1929 dividends on the policies which with the cash surrender value of the policies, less the indebtedness to the insurer, should in due course have been used to purchase continued insurance. The original policies did not legally become lapsed on June 30, 1929.

It is true the insured, not contemplating defaults in premium payments, originally in 1920 directed the annual dividends on the policies to be held by the insurer to accumulate with interest thereon. But when there was default in premium payments due June 30, 1929, the 1928 and 1929 dividends on the policies were held by the insurer. and the policies would not become lapsed for non-payment of premiums while by the terms of the policies the cash surrender value of the policies as well as the dividends on the policies, less loans made on the policies, held by the insurer "shall automatically purchase continued insurance from

the date of default." The insurer did ultimately apply the dividends in adjusting premium payments.

As the original policies did not legally become lapsed on June 30, 1929, and as the 1928 and 1929 dividends held by the insurer with the cash surrender value of the policies, less all indebtedness to the insurer, were mandatorially applicable to the purchase of extended insurance, in due course upon default, subsequent transactions relative to reinstatement of the policies and to later rescission of the reinstatement need not be further considered. The judgment is for $3,000.00 which is within the amount that could legally have been claimed.

The adjustment transactions between the insurer and the insured before his death were forced upon the insured because the insurer illegally declared the policies had lapsed when the policies in law had not lapsed. Such transactions did not affect rights acquired under the policies as originally issued.

Rehearing denied.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.