**HILSON v. SUN LIFE ASSUR. CO. OF CANADA.**

No. 10408.

Circuit Court of Appeals, Fifth Circuit.

Jan. 15, 1943.

Rehearing Denied Feb. 12, 1943.

Dewey Knight, of Miami, Fla., for appellant.

H. P. Osborne, of Jacksonville, Fla., and Thos. McE. Johnston, of Miami, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

This is a suit on a life insurance policy in which the defenses are that the policy had lapsed for nonpayment of premium, and that a reinstatement after a former lapse was obtained by misrepresentation of the state of the insured's health. The case was disposed of in the district court by summary judgment for the defendant on the facts shown by the pleadings and affidavits as to the first stated defense. The facts are these: The policy date was November 20, 1937. The premiums were due quarterly, with the usual provisions for grace and lapse for nonpayment. The premium of $47.10 due November 20, 1939, was not paid, and the insured died January 6, 1940, seventeen days after expiration of the grace period. The insured, however, was entitled to a dividend of $25.50 declared November 20, 1939, which if available to extend the insurance would have carried it beyond the death date. The policy provides that dividends allotted may be taken: 1. As a paid up addition to the sum assured; 2. As a reduction of the premium for the ensuing year; 3. As a single cash payment; 4. Left to accumulate at interest, withdrawable at any time. Dividends unpaid when policy matures are to be paid to beneficiary. If no election of one of the above options be made in the application for the policy, three months after notice of the dividend and options is allowed for on election, and if none is made then, dividend will be applied under option 1. In this case the application for the policy shows an election that dividends be accumulated at interest. The application also shows that in accepting it the company rated the insured, aged thirty-eight, as of age forty-three. This was apparently due to a disclosure that he had had slight hypertension in connection with a tonsil operation. It was consented to by insured.

990

 It was pleaded that the writing up of the insured's age, with a consequent increase of premium, was a discrimination and unlawful under a Florida statute, and that the difference in premiums would have paid the premium due November 20, 1939, or beyond the death of the insured. No figures were given. The court below ignored this contention, but it is argued here. The statute, Compiled General Laws of Florida 1927, §§ 6225, 7963, provides: "No life insurance company or association doing business in this State shall make or permit any distinction or discrimination in favor of individuals between insurants * * * of the same class and equal expectation of life in the amount or payment of premiums or rates charged for policies," etc., under penalty of criminal prosecution and forfeiture of license. On its face the statute does not mean to prohibit a higher charge when the insurer thinks the life expectancy of the insured is lessened by some impairment of health. To increase the premium for taking the risk for such a cause is not a discrimination, but a reasonable difference. If a higher premium for an increased risk were made unlawful, a person whose health is thus impaired could get no insurance. No want of good faith, or arbitrariness, is charged against the insurer, or any intent to evade the law. We do not think anything is shown that would make the insured not owe the premium of November 20, 1939, because of this statute.

 The dividend declared November 20, 1939, was not applicable to pay the premium, for the insured had originally elected to have it accumulate at interest, and had made no move since to direct any other use of it. The insurer had no right to absorb it by payment of a premium. For all it knew, the insured may have preferred to discontinue the insurance. While the policy provisions are not identical, the question is ruled in substance by Union Central Life Ins. Co. v. Williams, 5 Cir., 65 F.2d 240, affirmed 291 U.S. 170, 54 S.Ct. 348, 78 L.Ed. 711, 92 A.L.R. 693. Furthermore, if the dividend of $25.50 could have been applied, it would not have paid the premium of $47.10 which was due. Insurance companies do not have to accept partial payments of fixed premiums. Hutchinson v. National Life Ins. Co., 196 Mo. App. 510, 195 S.W. 66; Halliday v. Equitable Life, 54 N.D. 466, 209 N.W. 965, 47 A.L.R. 446; Equitable Life Assur. Soc. v. Pettid, 40 Ariz. 239, 11 P.2d 833; Smith v.

New York Life Ins. Co., 65 Ga.App. 451, 15 S.E.2d 813. The Florida case of New York Life Ins. Co. v. Kincaid, 122 Fla. 283, 165 So. 553; Id., 123 Fla. 678, 167 So. 365, is not to the contrary. It dealt with the duty to use any available credit to purchase extended insurance, where the policy provided for extended insurance. The policy here provided for extended insurance only after three full years premiums shall have been paid, and only two years premiums had been paid. Extended insurance works by days, perhaps even by fractions of days, but payment of a premium is for the whole premium period, unless the policy specially provides otherwise or the insurer waives his right.

The judgment appealed from is affirmed.