GREEN et al. v. HANOVER FIRE INS. CO.
(No. 10640.)

(Court of Civil Appeals of Texas. Fort Worth. May 10, 1924. Rehearing Denied June 21, 1924.)

1. Insurance ⬅665(8)—Evidence held not to show waiver.

In an action on fire insurance policy, defended on the ground of fraudulent representations, evidence *held* not to show waiver.

2. Insurance ⬅379(7)—Fraud of agent in procuring policy for his wife not chargeable to company.

Where representative of an insurance company, as agent of his wife, had a policy issued on their community property through concealing the fact that his wife was not the sole owner of the property, his knowledge of such fraud was not chargeable to the company.

3. Insurance ⬅390—Repudiation of contract by insured after fire held within reasonable time.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4948, where local agent selling insurance was informed of fraud used in obtaining an insurance policy only five or ten days before a fire which destroyed the insured property, repudiation of contract of insurance by the company after the fire was within a reasonable time after discovery of the fraud.

Appeal from District Court, Montague County; C. R. Pearman, Judge.

Action by Polly Green and husband against the Hanover Fire Insurance Company. From judgment for defendant, plaintiffs appeal. Affirmed.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Benson & Benson, of Bowie, for appellants.
Thompson, Knight, Baker & Harris, of Dallas, for appellee.

DUNKLIN, J.  Mrs. Polly Green, joined by her husband, J. B. Green, instituted this suit against the Hanover Fire Insurance Company of New York to recover $925 alleged to be due on a fire insurance policy issued by defendant in favor of Mrs. Polly Green on a one-story frame dwelling, garage, and barn, situated in the town of Fruitland, Montague county, which were totally destroyed by fire during the period covered by the insurance policy. From a judgment denying a recovery plaintiffs have appealed.

The policy was dated September 28, 1921, and the property was insured for one year from and after that date. The fire occurred September 18, 1922, ten days before the one-year period expired. The amount for which the property was insured was $1,000, which, by the terms of the policy, was made payable to the plaintiff, Mrs. Polly Green. The policy was issued by Younger-Morgan & Co., who were the local agents of the defendant in the town of Bowie, Montague county, Tex.

In its answer the defendant denied liability by reason of the following facts, which were specially pleaded: That the policy was issued by their local agents, the firm of Younger-Morgan & Co., and that plaintiff J. B. Green was a member of that firm at the time the policy was issued; that plaintiff Mrs. Polly Green was then the wife of said J. B. Green, but such relationship was unknown to defendant; that the property covered by the insurance belonged to the community estate of J. B. Green and his wife, Mrs. Polly Green, and continued to be such thereafter; that the policy was issued at the special instance and request of plaintiff J. B. Green while a member of the firm of Younger-Morgan & Co., and upon the false and fraudulent representations by him made that the property was worth $1,500, when in fact its market value did not exceed $500; that it was the custom of the defendant company not to insure property for more than 75 per cent. of its market value; and that it would not have issued the policy in question if it had been informed of such misrepresentation.

It was further alleged that plaintiff Green acted in the dual role of agent for his wife and of defendant also in procuring the issuance of said policy; that he fraudulently concealed from the defendant that Polly Green was his wife, and the further fact that the property insured belonged to the community estate of himself and wife; that plaintiff Polly Green was bound by the fraudulent acts of her husband above mentioned, who was acting in her behalf; and that the defendant was induced to issue said policy by reason of said fraudulent misrepresentations and concealment by plaintiff J. B. Green. In further defense to plaintiffs' suit it was alleged that the plaintiffs' property so insured became vacant and was unoccupied for more than 10 days during the period covered by the policy, and by reason of that fact plaintiff was not entitled to recover, in view of a clause contained in the policy that in such a contingency the policy would be void.

In reply to the facts set up in defendant's answer plaintiffs entered a general denial, and also pleaded specially that plaintiff Green, while owning certain stock in defendant's local agency that issued the policy, had nothing to do with the business transacted by that agency, and had no authority from them to act as agent of the defendant; that the policy in controversy was written by Miss Elizabeth Morgan, who was then in charge of the physical management of the business of the agency, and that the facts contained in the report made by the agency with respect to the property were taken from a former report which had been made to the United Mutual Fire Insurance Company, which had been carrying insurance on the same building, and that neither of the plaintiffs made any report of the value of said property, but that the same was worth more than the sum of $1,500.

Plaintiffs further alleged that about the 1st of December, 1921, the defendant appointed C. C. Culp as its local agent in Bowie, who then took full charge and control of the defendant's business in that territory, including the policy in controversy; that after Culp was thus installed as defendant's regular agent he was fully informed of the location and value of the property covered by the policy of the amount of insurance carried thereon, and after obtaining that information he took no steps to cancel the policy or to reduce the amount of insurance, and thereafter the defendant recognized said policy as valid and subsisting until the fire occurred, and by reason of those facts it is estopped from claiming any forfeiture or right of cancellation of the policy.

Plaintiffs further alleged that during the time the property was unoccupied plaintiff Green notified Culp that it was vacant, and Culp promised and agreed to make an addition to the policy, by the terms of which the policy would be effective during such vacancy; the plaintiffs agreeing at the same time to pay any additional premium chargeable for that variation in the original policy.

The case was tried by the court without a jury, and the trial judge filed the following findings of fact and conclusions of law:

### "Findings of Fact.

"The insurance policy sued on in this case was dated September 28, 1921, and ran for the term of one year following said date, and covered property situated in Fruitland, Montague county, Tex. The policy was issued by

local agents for the defendant at Bowie, Tex., said local agents being Younger-Morgan & Co. J. B. Green, one of the plaintiffs herein, was a member of this partnership at the time of writing said policy, and plaintiff Polly Green was then and is now the wife of the said J. B. Green. That the general agents of the defendant, I. Reinhardt & Son, upon the writing of this policy, received in the regular course of the mail what is known as the daily report sheet from said local agent, which was the usual form of said daily report sheet, and the same included certain information from said local agents, including the representation by said local agents that the present cash value of the property insured was the sum of $1,500, together with other information concerning said risk. That the plaintiff, J. B. Green, while a member of said partnership, procured and induced the making of said representation of the value. as contained in said daily report sheet, and procured and induced the issuance of said policy for himself and as agent for his wife, Mrs. Polly Green. That said representation with reference to cash value of said property was false and fraudulently made by the plaintiff J. B. Green. That in fact the cash or market value of said property covered by the policy at the time said policy was written was $600, and not the sum of $1,500. That said general agents of defendant, acting through their office representative, and in line with their duties with the defendant. were called upon to accept or reject said risk, and in so passing upon same relied solely upon their confidence in said agents, and their answers made to matters contained in said daily report sheet, including said representation as to the cash value of said property. That said company would not write a policy to exceed 75 per cent. of the cash value of the property insured. That in reliance upon said representation as to value being the sum of $1,500, defendant accepted said risk with an insured value upon the property covered in the total sum of $1,000, which included $850 on the dwelling house and separate coverages of $75 each on two outbuildings, all of which are particularly described in the policy of insurance introduced in evidence. That the physical act of writing said policy of insurance was done by Miss Morgan, a member of the firm of Younger-Morgan & Co. That in writing said policy of insurance and in accepting said risk the general agents of defendant had no notice or information given them by the plaintiff J. B. Green or otherwise that Mrs. Polly Green, who was named as the assured, was the wife of the plaintiff J. B. Green, one of its local agents as aforesaid, and had no notice that the said value of said property was less than $1,500, and defendant's said general agents only learned of the said value less than $1,500 after the fire had occurred and after the policy had by its terms expired, and only learned of the marital relationship of said J. B. Green and Mrs. Polly Green after the said fire had occurred, said fire occurring on the 18th day of September, 1922, approximately ten days prior to the expiration of the policy.

"That on the 1st day of January, 1922, the local agents for the defendant company at Bowie, Tex., was changed, and thereafter until the fire the defendant was represented by the firm of Culp & Davis. The firm of Culp & Davis took over the books of the firm of which J. B. Green was a member, with such data as they contained. A record of this particular policy, including the date on the general report and application showing the represented value of the property, was in the possession of the agents Culp & Davis from and after the time the agency was taken over by them.

"About five or ten days before the date of the fire the agent C. C. Culp was informed by the plaintiff J. B. Green of the identity of the particular property covered by this policy of insurance, and I find that the local agent, C. C. Culp, knew all during the year 1922 that the plaintiff Polly Green was the wife of J. B. Green.

"I find the local agent C. C. Culp was familiar with the location and value of the property covered by the insurance policy and had been around this property and had known the same well during all of the year 1922 and for about fifteen years prior thereto.

"That had the general agents of the defendant known the actual facts herein they would not have written said policy and would have caused said policy to be canceled. That before a sufficient time had expired for defendant to take action upon said policy and to cancel the same, from and after the time when said knowledge came to said local agents, five or ten days before the fire, the property burned, and the policy expired by its terms, and, after the fire for the purpose of repudiating said policy and contract, the defendant offered to return the premium, and was advised that said tender would be refused, and a tender of said premium would have been a useless act, and defendant paid the amount of said premium, to wit, the sum of $13.51 into court for plaintiff's benefit, and under all the facts and circumstances defendant acted with sufficient promptness. That the property above referred to so insured was community property of plaintiff J. B. Green and wife, Polly Green.

"I further find that the data contained in the application for insurance policy was taken from an old application theretofore written on such property. I find that some time prior to the fire, the agent, C. C. Culp, had written a renewal policy in the defendant insurance company to cover the property covered by the policy under consideration for a period of time beginning at the expiration of this policy, but had never delivered the same nor collected the premium from the plaintiffs on such renewal policy, and I find that the agent C. C. Culp passed by the property covered by the policy of insurance about three times each week from January 1, 1922, to the date of the fire.

"Conclusions of Law.

"From the foregoing findings of fact I conclude as a matter of law that the plaintiff J. B. Green, while acting as an agent of the defendant, and standing in a fiduciary relation towards it, practiced fraud upon the defendant in misrepresenting the value of said real estate and in failing to apprise the defendant and those in authority over plaintiff J. B. Green in defendant company, whose duties it was to pass upon said risk of the marital relationship existing between himself and his

wife, Polly Green, and of his interest in the property, which he insured in the defendant company. By reason of said facts, as found herein, and of said fraud defendant is under no liability toward plaintiffs or either of them upon said policy of insurance, and is entitled to have judgment entered in favor of the defendant, and I conclude as a matter of law that under all the facts and circumstances defendant acted with sufficient promptness in disaffirming said policy contract and offering to return the premium."

The insurance policy contained these provisions:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof, or if the interest of the insured in the property be not truly stated herein, or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss.

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void, * * * if the interest of the insured in the property be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple."

The principal contention stressed by appellants is that whatever fraud that was practiced in the procurement of the policy was waived by the defendant company, and, having been waived, it was not available to avoid the policy. In support of this contention the following authorities, among others, are cited: Austin Fire Ins. Co. v. Polemanakos (Tex. Com. App.) 207 S. W. 922; Zundelowitz v. Waggoner (Tex. Civ. App.) 211 S. W. 598; Moore v. Beakley (Tex. Civ. App.) 183 S. W. 380; Calhoun v. Maccabees (Tex. Com. App.) 241 S. W. 101; article 4948, V. S. Tex. Civ. Statutes.

In the case first cited it was said:

"Whenever there arises a condition or state of facts under which the insurance company has the right, on account of any failure of the insured to comply with any condition or warranty contained in the policy, to forfeit the same, that the doing of any act inconsistent with the claim of forfeiture, or any recognition of the fact that the policy is still in existence, will ordinarily waive such forfeiture, provided the insurance company has knowledge of the facts authorizing the forfeiture."

The other decisions are substantially to the same effect.

[1] In support of the claim of waiver appellants rely especially on the testimony of the witness Culp, defendant's local agent, who took over its business as a successor to its original agents. While he testified, as found by the trial judge, that he learned of the identity of the property covered by the policy in question some five or ten days before the fire occurred, and that he was fa-miliar with the character of the property, and that he prepared a renewal policy, yet he further testified, in part, as follows:

"As a matter of fact I didn't know under what circumstances the policy had been written in the first place. I was not connected with the agency at that time."

He further testified that he asked plaintiff J. B. Green what he wanted to do about his insurance, to which Green responded, "Renew it, I guess." And, continuing, the witness further testified as follows:

"I asked him what property it was that the policy covered, and that was my first knowledge of which house it was. I was of the opinion that it was a small house. There were a number of policies of insurance in my office written in favor of Mrs. Polly Green. I told him we would see about an adjustment of the insurance in a few days, and that was about all that was said. I did not make any agreement to reissue it for that amount. As a matter of fact I would not have given $850 insurance on the house."

He further testified that he prepared a renewal of the policy, but never delivered it, and in that connection testified as follows:

"I did not of my own personal knowledge know that this particular policy was written up for $850. To explain the circumstances under which the policy was written, that is a custom of our agency that the stenographer who might be working in the office goes ahead and rewrites all these policies, and the question of amounts, questions of valuation, etc., come to the attention of the local agent himself later. If he wants to change it, that is up to him later. That is a matter of office work. There wasn't any promise of delivery made in any way; just rewritten in the office along with the other policies in routine; it would have come before me in the ordinary course of decision as to whether I would deliver it before it went out of the office, and I don't think I would have let it go for $850."

He further testified to the effect that prior to the time he learned that the property in question was covered by the policy sued on he was familiar with its location and character.

[2] We do not believe that his testimony shows conclusively a recognition of the validity of the policy by him after he discovered the identity of the property it covered, or that his acts were necessarily inconsistent with the claims of forfeiture now asserted. Furthermore, if, as stated by Culp, he knew nothing of the circumstances under which the policy was issued, then it cannot be said that the company waived the right to claim the forfeiture for the fraudulent misrepresentation of the value of the property, which induced its issuance, since there was no proof that notice of such fraud was brought home to the company after Culp took charge of its local business, until after the fire occurred. And since plaintiff J. B. Green

was a representative of defendant at the time he, as agent of Mrs. Polly Green, procured the issuance of the policy through concealment of the fact that his wife was not the sole owner of the property insured, his knowledge of such fraud was not chargeable to the defendant in this suit by him and his wife to collect the policy, and thereby to profit by the fraud. Wilderberger v. Hartford Fire Ins. Co., 72 Miss. 338, 17 South. 282, 28 L. R. A. 220, 48 Am. St. Rep. 558.

[3] Nor can we say that the trial court erred in holding that the defendant repudiated the contract of insurance within a reasonable time after it discovered the fraud upon which it claimed a forfeiture, within the scope of the provisions of article 4948 of our Statutes.

We conclude that the trial judge's findings of fact are amply supported by the evidence and we adopt the same, together with his conclusions of law, and affirm the judgment rendered.