**GENERAL & EXCESS UNDERWRITERS, INC., Appellant,**

v.

**J. H. HARRELSON, Appellee.**

No. 3654.

Court of Civil Appeals of Texas.

Waco.

July 16, 1959.

Rehearing Denied Sept. 17, 1959.

Naman, Howell, Smith & Chase, Hilton H. Howell, Louis S. Muldrow, Waco, Benjamin Lipsitz, Baltimore, Md., for appellant.

Mixson & Haley, Waco, for appellee.

McDONALD, Chief Justice.

This is a suit brought by plaintiff Harrelson to recover damages to a truck under the collision or upset coverage of an insurance policy issued by defendant Insurance Company to Joe Dorsey, the named insured, and wherein plaintiff was named as a loss payee. Plaintiff had sold the truck to Dorsey under a conditional sales contract. Dorsey had taken out the insurance, making plaintiff a loss payee. Thereafter plaintiff repossessed the truck from Dorsey for failure in making payments. After such repossession the truck was involved in an accident, and plaintiff seeks recovery under the policy issued to Dorsey (and in which he is a loss payee) prior to repossession.

Trial was to the court without a jury, which entered judgment for plaintiff for $2156.81, the damages sustained by the truck. The Trial Court filed Findings of Fact and Conclusions of Law, pertinent of which are as follows:

### Findings of Fact

(2) Young Insurance Agency of Abilene, Texas, was the agent of defendant in the writing and servicing of the policy involved herein.

(3) That after issuance of the policy, plaintiff notified Young Insurance Agency that he was the owner of the truck and should be included as an "insured" in the policy.

(4) That Young Insurance Agency, as agent of defendant insured plaintiff as an "insured" within a day or two after the issuance of the policy.

(5, 6) That Young Insurance Agency had authority or apparent authority to insure plaintiff as an "insured" under the policy.

(7) That plaintiff was an "insured" under the policy.

(8) That defendant had notice on or about 22 June 1957 that plaintiff had taken possession of the truck from Joe Dorsey.

(9) There was no forfeiture of the policy when plaintiff took possession of the truck from Joe Dorsey.

(10) Defendant waived forfeiture, if any, by reason of plaintiff taking possession of the truck.

(11) The policy as written was written as the result of a mutual mistake between Dorsey and defendant.

(12) It was the true intention of the parties that plaintiff be insured as "named insured" under the policy.

### Conclusion of Law

Plaintiff was covered as an "insured" under the policy and is entitled to recover thereunder.

Defendant Insurance Company appeals, contending that: (1) Plaintiff cannot recover under the policy because of a lack of insurable interest in Joe Dorsey, the named insured, after repossession of the truck by plaintiff. (2) There is no evidence or insufficient evidence to support the Trial Court's findings of fact.

The record reflects that plaintiff, by conditional sales contract, sold the truck in question to Joe Dorsey, which contract required Joe Dorsey to have the truck insured, insuring Joe Dorsey and J. H. Harrelson against property damage "as the respective insurable interest of said parties may appear". Dorsey contacted Young Insurance Agency of Abilene, Texas, requesting that they insure the truck for the various coverages. Young wrote the property damage in four companies which he represented but they cancelled in a short time. Young then "shopped around" to place the insurance coverage. He called defendant company at its office in Maryland by long distance telephone and asked them if they would accept the coverage. Defendant agreed to insure the risk, issued its policy payable to Joe Dorsey as insured. The *Loss Payee* clause stated that any loss under the property damage coverages "is payable as interest may appear to the named insured and * * *

J. H. Harrelson * * *." The policy was issued and signed by the defendant in Maryland. At no place did Young Insurance Agency sign the policy. The policy was mailed to Dorsey and a copy sent to plaintiff. Upon receipt of the copy plaintiff telephoned Young by telephone and told him that since the truck was in his (Harrelson's) name and had not been transferred to Dorsey (under the conditional sales contract) that he should be the *insured;* that Young told him: "It didn't make any difference, as long as my name appeared on the policy I was covered". Thereafter Dorsey failed to make his payments on the truck and plaintiff repossessed same. Subsequent to such repossession the truck was damaged in an accident, for which damage plaintiff seeks recovery under the policy.

■ As the policy is written, with Joe Dorsey as the insured, and plaintiff as loss payee, i. e. *"as interest may appear to the named insured and J. H. Harrelson"*, when plaintiff repossessed the truck, Joe Dorsey, the insured, ceased to have an insurable interest and the policy ceased to be an obligation on the part of defendant, and plaintiff's rights as *loss payee* were likewise terminated. Springfield Fire & Marine Ins. Co. v. Boon, Tex.Civ.App., 194 S.W. 1006, W/E Ref., World Fire & Marine Ins. Co. v. Puckett, Tex.Civ.App., 265 S.W.2d 641, W/E Ref. NRE.

■ Plaintiff contends and the Trial Court found that Young Insurance Agency was defendant's agent with authority to write plaintiff as an "insured" in the policy, and that Young Insurance Agency did such in telling plaintiff over the telephone that if his name was in the policy he was covered; that defendant *waived* forfeiture of the policy because they knew that plaintiff had repossessed the truck; and that the policy as written was written as the result of a mutual mistake between Dorsey and defendant Insurance Company. A careful review of this record reveals no evidence to sustain the contention and finding that Young Insurance Agency was an agent of defendant. In fact, all of the evidence is that Young Insurance Agency did *not* represent such Company as agent. In the transaction under review the evidence conclusively reflects that Young Agency was "shopping around" with various surplus line agencies and insurance services, to get some company to write the risk, and finally succeeded in getting defendant to do so. There is likewise no evidence to sustain the contention and finding that Young Insurance Agency insured plaintiff as a "named insured". All of the evidence on this point came from plaintiff, and he only testified that he called Young's attention that he should have been the insured since he had not transferred title to the truck to Dorsey—and Young told him it didn't make any difference as long as his name appeared on the policy. This telephone conversation transpired prior to the repossession and was necessarily cast in the factual situation which existed prior to such repossession. There is no evidence that defendant waived forfeiture of the policy— and in any event such was not plead by plaintiff. There is no evidence that the policy as written was the result of a mutual mistake. In fact, the evidence is that it was written exactly as the parties to the contract, Dorsey and the Company, intended that it should be written—for after plaintiff repossessed the truck from Dorsey, Dorsey called Young Insurance Agency and asked that another truck secured by him, after plaintiff repossessed the first truck, be substituted in such policy.

We have reviewed the record before us very carefully and are unable to find support in the evidence to sustain the findings discussed. The judgment of the Trial Court is accordingly reversed and judgment is here rendered that plaintiff take nothing.

Reversed and rendered.