**NORTHWESTERN NATIONAL LIFE INSURANCE COMPANY, Appellant,**

v.

**Vivian S. BLACK, Appellee.**

**No. 7409.**

Court of Civil Appeals of Texas.

Texarkana.

Oct. 2, 1962.

Rehearing Denied Oct. 30, 1962.

Norman C. Russell, Victor Hlavinka, Texarkana, for appellant.

Robert L. Dalby, Texarkana, for appellee.

## ON APPELLEE'S MOTION FOR RE-HEARING

CHADICK, Chief Justice.

Since it appears to me that a published opinion would be of no benefit to the bench or bar because of the diversity of views expressed by the members of this court in reaching a decision, I am withdrawing my opinion dated the 28 day of August, 1962, and order the case remanded for fuller development in a new trial. Remand rather than rendition seems to be in the interest of justice as the factual basis of the case was not fully developed.

FANNING, Justice (concurring on reversal and remand).

My concurring opinion in affirmance, of June 26, 1962, is withdrawn and the following opinion is substituted in lieu thereof.

Originally it was my view, as expressed in my opinion of June 26th, 1962, that the terms "employee" and "full-time employee", not having been defined in the insurance policy, (in connection with the insertion of the provision in the policy to the effect that "all present employees" were eligible for insurance) should be given a broad and liberal construction and one most favorable to the insured. It was also my original view, as expressed in said opinion, that the judgment of the trial court could be affirmed on the theories of waiver and estoppel.

However, upon careful re-study and reconsideration of this cause, it is now my considered view that the judgment of af-

firmance was erroneous and that the judgment of the trial court should either be reversed and rendered or reversed and remanded.

I am now convinced that the proper rule of construction to be applied in this cause to determine the meaning of the terms "employee" and "full-time employee" is the rule that language used in insurance policies is given its usual and popular meaning unless it is ambiguous or it is shown that the parties intended it to have a special meaning. Insurance 32 Tex.Jur.(2) 115, Sec. 57.

The insured, Mr. E. C. Black, was a director or member of the Board of the Texarkana Water & Sewer Systems, and the record indicates that he occupied the status of a "public officer", although the record is not as fully and properly developed on this matter as it probably should be.

Public officer has been variously defined, and in 67 C.J.S. Officers § 2, pp. 101–102, the term is referred to:

"* * * an individual who has been appointed or elected in a manner prescribed by law, who has a designation or title given him by law, and who exercises the functions concerning the public assigned to him by law; a person whose duty it is to perform an agency for the state; an officer who discharges any duty in the discharge of which the public is interested or who is invested with the authority and is required to perform the duties of a public office; one who has some duty to perform concerning the public."

Knox et al. v. Johnson, Tex.Civ.App., 141 S.W.2d 698, in discussing the definition of a public officer cites with approval the rule laid down in 53 A.L.R. 595, as follows:

" 'It may be stated, as a general rule deducible from the cases discussing the question, that a position is a public office when it is created by law, with duties cast on the incumbent which involve an exercise of some portion of the sovereign power and in the performance of which the public is concerned, and which also are continuing in their nature and not occasional or intermittent; while a public employment, on the other hand, is a position which lacks one or more of the foregoing elements.' "

The rule laid down in 53 A.L.R. 595 is also in harmony with the definition of a public officer given by the Supreme Court of Texas in Kimbrough v. Barnett, 93 Tex. 301, 55 S.W. 120.

The determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the public largely independent of the control of others. Aldine Independent School District v. Standley, 154 Tex. 547, 280 S.W.2d 578.

An employee is one who works for an employer; a person working for a salary or a wage. The word is applied to any one so working, but usually only to clerks, workmen, laborers, etc., and *but rarely to officers of a government or corporation*. United States v. Schlierholz, 8 Cir., 137 F. 616, 624.

It is my view that the term "public officer", as used in its usual and popular meaning, does not have the connotation that a public officer is an "employee". For a public officer to be held to be an employee, it is thought that it would have to be done under a very broad and a very liberal definition or construction.

If the record in this cause conclusively showed that Mr. Black was a "public officer", it would be my view that he would neither be an "employee" nor a "full-time employee" and under such circumstances the judgment of the trial court should be reversed and rendered in favor of appellant.

It is now my further considered view that the judgment of the trial court can

not be supported upon the theories of waiver and estoppel, as there was no showing made in the record that any statements that may have been made by the soliciting agent of appellant insurance company was to have been either authorized, known or ratified by the appellant insurance company. See the following authorities: Washington National Ins. Co. v. Craddock, Tex.Com.App., 130 Tex. 251, 109 S.W.2d 165, 113 A.L.R. 854; Southern Surety Company v. Inabnit et al., 119 Tex. 67, 24 S.W.2d 375; Great American Casualty Company v. Eichelberger, Tex.Civ.App., 37 S.W.2d 1050, wr. ref.; Traders & General Insurance Company v. Lange, Tex.Civ.App., 354 S.W.2d 178, wr. ref.; n. r. e. In Traders & General Insurance Company v. Lange, supra, it was stated:

"Regardless of what Neil Cooper said, or did, there is no evidence in the record to show that his principal, the appellant insurance company, did any act or made any omission which would indicate that the principal knew about Cooper's representations or acts, or ever ratified such acts, and under this record there is no pertinent act or omission traceable directly to the principal."

I am inclined to the view that the most serious question in this cause is whether the cause should be reversed and rendered on the record before us or reversed and remanded in the interests of justice, for fuller development of the evidence on the questions of whether the insured occupied the status of a "public officer" and whether he was either an "employee" or a "full-time employee". While perhaps this cause could very well be reversed and rendered under the record before us, I am agreeable to the disposition that this cause be reversed and remanded, in the interests of justice, for a fuller, more complete and more proper development of the evidence in the cause with respect to whether the insured was a "public officer", and whether he was either an "employee" or a "full-time employee". I therefore accordingly concur in the order of reversal and remand.

DAVIS, Justice (dissenting).

When this case was originally submitted to the court I drew it and wrote an opinion. Judge FANNING concurred, and Judge CHADICK dissented. I now file the opinion, with minor changes and an addition, as my dissent.

"The appellant, Northwestern National Life Insurance Company, on October 15, 1956, issued its group life policy insuring the employees of Texarkana Water and Sewer Systems. Appellant supplied a group enrollment card for the enrollment of the employees. E. C. Black, and two others, were on the Board of Public Utilities for the City of Texarkana, Arkansas. They secured their authority from the City Council, and by Sections 9978, 9979, 10,022, 10,023 and 10,024 of Pope's Digest of the Statutes of the State of Arkansas. This fact was proved by the introduction of the Ordinance of the City of Texarkana, Arkansas, by the appellant. The Statutes of the State of Arkansas are neither plead nor proved. On September 10, 1956, Mr. Black executed an enrollment card, naming Vivian S. Black as beneficiary. A certificate of insurance was issued by appellant to E. C. Black on October 15, 1956, with Vivian S. Black as beneficiary. All premiums were paid through January 24, 1960, the date of the death of E. C. Black.

"After the death of E. C. Black, proof of death was filed with the appellant showing the deceased was a member of the Board of Public Utilities, and that his earnings were $20.00 per month. Appellant denied liability upon the basis that Mr. Black was not a 'full-time' employee, and denied that he had the status of an employee as he was a member of the Board of Public Utilities which governed and ran the Water and Sewer Systems. The appellee, Vivian S. Black, as beneficiary, sued in the District Court of Bowie County, Texas, alleging that the deceased was a full-time employee; and, alternatively that the Company was estopped to deny cover-

age by reason of acceptance of the premiums.

"According to the evidence there was much discussion with the agent of the insurance company prior to the agreement to purchase the group policy. The attorney for the Water and Sewer System, John D. Raffaelli, testified in part as follows:

" 'On one occasion we were told that the "key men" and the Board Members would be able to carry more than One Thousand Dollars of life insurance. The above statements are the reasons why we saw fit to change our insurance. At that time we were carrying insurance with another company.'

"On another occasion Mr. Raffaelli testified that Black was a 'full-time' employee of the Texarkana Water and Sewer System as follows:

" 'If you mean full-time employee is one who works from a certain hour to a certain hour, no; if you mean someone who is on call twenty-four hours a day, yes.'

"In a jury trial, the jury found that the deceased was a 'full-time' employee; and, that the appellant was estopped to deny coverage. Judgment was entered for the appellee. Appellant's motions for instructed verdict and for judgment notwithstanding the verdict were overruled. Appeal is made pursuant to Rule 324 Texas Rules Civ.Procedure. The appellant brings forward the following point of error:

" 'POINT 1:

" 'The trial court erred in denying Appellant's Motion for Instructed Verdict (Tr. P. 15); in denying Appellant's Requested Instruction concerning "full-time employee" and in overruling Appellant's objections and exceptions to the court's charge (Supp.Tr.P. 1–6); in denying Appellant's Motion for Judgment Notwithstanding Verdict as there was no evidence to support jury findings; and in entering

judgment for Appellee; for the reasons that

" '(a) E. C. Black was not an employee, full-time or otherwise, of Texarkana Water and Sewer Systems, but rather he was a member of the Board of Public Utilities which governed and fixed policy for operation of said systems; no evidence exists to sustain the "full-time employee" status; and the court's definition of "full-time employee" is erroneous. (Germane to Motion for Instructed Verdict, Tr. p. 15–17; Motion for Judgment Notwithstanding Verdict, Tr. p. 24–25; and Defendant's Objections and exceptions to Courts Charge, Supp.Tr. p. 1–6).

" 'The Company is not estopped to deny the employee status of E. C. Black by reason of acceptance of premiums. Unless E. C. Black enjoyed the status of . a "full-time employee" and was thereby covered under the terms of the policy, then coverage cannot be created by estoppel where in fact no coverage previously existed. Estoppel arises to protect a contractual right previously held from a defense, and estoppel cannot be used to create a right or extend a contract where such right or contract did not previously exist. (Germane to Defendant's Objections and Exceptions to Court's Charge, Supp.Tr. p. 3–6; Motion for Instructed Verdict, Tr. p. 15–17; and Motion for Judgment Notwithstanding Verdict, Tr. p. 24–25).'

"The point of error raises the following points:

"1). The error of the trial court in denying appellant's motion for instructed verdict.

"2). The error of the trial court in denying appellant's requested instruction concerning 'full-time employee'.

"3). The error of the trial court in overruling appellant's objections and exceptions to the court's charge.

"4). The error of the trial court in denying appellant's motion for judgment notwithstanding the verdict.

"5). The error of the trial court in entering judgment for the appellee because there was no evidence to support the jury findings.

"6). The error of the trial court in rendering judgment for appellee because E. C. Black was not a full-time employee of the Texarkana Water and Sewer Systems.

"7). The error of the trial court in his definition of a 'full-time employee'.

"8). The error of the trial court in entering judgment for appellee because appellant is not estopped to deny the employee status of E. C. Black.

"9). The error of the trial court in submitting the issues to the jury and rendering judgment thereon on the issue of estoppel because there was no evidence to support such issue.

"10). The error of the trial court in rendering judgment for the appellee on the issue of estoppel, because estoppel can not be used to create a right or extend a contract where such right or contract did not previously exist.

"In the trial, it was proved that E. C. Black was an employee of the Texarkana Water and Sewer Systems, and was a member of the Board of Utilities of the City of Texarkana, Arkansas. He had been such an employee since October 26, 1948. The certificate of insurance, the basis of this suit, was not issued until October 15, 1956. Mr. Black drew $20.00 per month from the Texarkana Water and Sewer Systems for his services until the time of his death. It was the duty of the Board of Public Utilities to run the Texarkana Water and Sewer Systems. They had monthly meetings, and many called meetings. For many years he was Chairman of the Board of Public Utilities of the Texarkana Water and Sewer Systems. In addition to attending the Board meetings, he was on call for twenty-four hours a day on the complaints of citizens of the City of Texarkana, Arkansas. He would often go to their places and inspect the various complaints and report his findings to the Manager of the Texarkana Water and Sewer Systems. The Texarkana Water and Sewer Systems could not execute checks in excess of certain amounts without the signature of E. C. Black. According to the evidence, he went to the office of Texarkana Water and Sewer Systems on many days to sign the checks. According to the evidence, Mr. Black was an employee of the Texarkana Water and Sewer Systems and there were no other duties imposed upon him by the City Ordinance nor the City Council. Upon trial of the case, the appellee offered in evidence the group life policy. The only thing about employees in the policy is the following:

" '1. DEFINITION OF THE TERM "EMPLOYEES":

" 'The term "employees" as used herein means all full-time employees employed and compensated by the employer.

" '2. ELIGIBILITY OF EMPLOYEES:
" 'All *present* employees

and *each* eligible for insurance hereunder on the effective date hereof. ~~All other present employees and~~ New employees shall be eligible for insurance hereunder on the 1st day of the policy month coinciding with or next following the date of *commencing continuous service with the employer.'* (Emphasis added)

"There was some evidence introduced that appellee's group policy was not filed with the Texarkana Water and Sewer System, and the same had to be secured from the appellant. A certificate of insurance issued to Mr. Black does not say anything

about what constitutes an employee or a full-time employee. No one with the Water System had seen the group policy prior to Mr. Black's death.

"In submitting the case to the jury the trial court defined a full-time employee as follows:

" 'By the term "full-time employee", as used herein, is meant an employee who receives compensation from an employer for services rendered to the employer during the period of time such compensation is paid. The term may be used to distinguish a permanent employee from a transitory employee who is engaged to work only certain months of the year or particular days of the week.'

"Appellee takes the position that the evidence is sufficient to support the jury finding that Mr. Black was a full-time employee. Appellant had notice of its intention to insure the key men and the Board Members of the Texarkana Water and Sewer Systems prior to the time it issued the group policy. 2 Tex.Juris.2d 628–634, Secs. 182 through 186; Adams v. LaSalle Life Ins. Co. (Tex.Civ.App.), 99 S.W.2d 386, err. dism.

"As to the clear intent that Mr. Black was considered an eligible employee, look to the phraseology and delineations in Sec. 2 of the eligibility of employees. As pointed out hereinabove in the exact quotation from the policy, 'All *present employees* are *each* eligible for insurance under the policy.' (Emphasis added) There are two lines in which the Agent could have written in the exceptions that are now claimed by the insurance company. As further evidence of the fact that they intended to insure the Board Members he then struck out the following: 'All other present employees and'. Then it is noted: 'New employees shall be eligible for insurance hereunder on the 1st day of the policy month coinciding with or next following the date of *commencing continuous service* with the employer.' (Emphasis added.) Considering

the theory of law that is followed by all courts that an insurance contract must be considered in favor of the insured, it is held that E. C. Black was insured under the group policy.

"An employee in an insurance policy is construed in a different manner than under Workmen's Compensation law or Labor law. Appellant takes issue with the foregoing instruction, but under the facts in this case, the instruction is clear. In Davis v. Lincoln County, 117 Neb. 148, 219 N.W. 899, employment is defined as follows: 'Employment means act of employing, state of being employed, that which engages or occupies, that which consumes time or attention, office or post of business, service or occupation.'

"A full-time employee is described in Bakkensen v. John Hancock Mutual Life Ins. Co., 222 Or. 484, 353 P.2d 558, as follows:

" 'Since only full-time employees were eligible for insurance if covered by a union agreement and since plaintiff was subject to such an agreement, we now consider the question of whether or not plaintiff was a full-time employee. It appears that plaintiff was at all times required to be available for work even though his services might not be required. In the case of Harlan v. Washington Nat. Ins. Co., 388 Pa. 88, 130 A.2d 140, 143, wherein the question was whether or not a seasonal or transitory employee was a full-time employee within the meaning of that term as contained in a group policy of life insurance, it was stated:

" ' "Full time employment does not mean full time pay. It means being available for full employment; and full employment does not mean a hand at the helm through the entire voyage; it means standing by to take over when the exigencies of the passage required the application of one's skill acquired over many journeys of the past." '

" 'We adopt this definition with reference to this case and, therefore, hold that since plaintiff was required to be available for work during the whole term of his employment he was in fact a full-time employee.'

See the following cases: Renee v. Corsi, Industrial Com'r, 293 N.Y. 501, 58 N.E.2d 513; Independence Indemnity Co. v. Industrial Accident Commission of California, 203 Cal. 51, 262 P. 757; Industrial Fibre Co. v. State, 31 Ohio App. 347, 166 N.E. 418.

"E. C. Black died January 24, 1960. Appellant issued the notice of cancellation as of February 1, 1960, after the loss occurred. 32 T.J.2d 167–169, § 87, 88, and 89. But this does not prevent the appellant from trying to repudiate the contract. Green v. Hanover Fire Ins. Co. (Tex.Civ.App.) 264 S.W. 153, n. w. h.

"Mr. Black was led to believe that he had a valid policy of insurance. There was paid thirty-nine consecutive months of insurance premiums. Appellant had notice that Mr. Black was a member of the Board of Public Utilities of the Water and Sewer Systems of Texarkana, Arkansas. They issued a group policy insuring all 'present' employees on October 15, 1956. Having received the premiums through and including the death of Mr. Black they are estopped to deny liability. Springfield Fire & Marine Ins. Co. v. Brown, (Tex.Civ.App.) 13 S.W. 2d 916, n. w. h.; Austin Fire Ins. Co. v. Polemanakos (Tex.Com.App.) 207 S.W. 922; The Maccabees v. Helton et al. (Tex. Civ.App.) 70 S.W.2d 354, er. ref.; Southern Underwriters v. Jones (Tex.Civ.App.) 13 S.W.2d 435, er. ref.

"The evidence is sufficient to support the jury's finding. The points of error are overruled and the judgment of the trial court is affirmed.

June 26, 1962    "MATT DAVIS
                 ASSOCIATE JUSTICE"

Filed June 26, 1962.

I drew the case and discussed dismissing it because of the form of the point of error.

The point is multifarious and raises some points that can not be considered. Under the holding in Wagner v. Foster et al., 161 Tex. 333, 341 S.W.2d 887, the points of error discussed in the foregoing opinion and some of them discussed in the opinions of Chadick and Fanning are not raised in the motion for judgment non obstante veredicto.

Under the group life insurance policy, E. C. Black was a full-time employee as a matter of law. He was not an officer of the City of Texarkana, Arkansas. The Ordinance that was introduced in evidence, in truth and in fact, made him an employee of the Texarkana Water and Sewer Systems. He was paid twenty dollars per month by the Texarkana Water and Sewer Systems for his services. Under the phraseology of the group life policy, he was an insured employee.

I would affirm the judgment of the trial court.