WASHINGTON NATIONAL INSURANCE COMPANY V. WILL CRADDOCK.

No. 6945. Decided October 20, 1937.
(109 S. W., 2d Series, 165.)

*J. A. Ward,* of Mount Pleasant, for plaintiff in error.

Where a policy of accident insurance excepts from the matters covered by the policy injuries happening from a certain cause, such as while engaged in violation of the law, self-inflicted wounds, etc., such injuries are not insured against and the company is not liable. Maynard v. Locomotive Eng. Mutual Life & Acc. Ins. Assn., 16 Utah 145, 51 Pac. 259, 67 A. L. R. 505; Jones v. Risley, 91 Texas 1, 32 S. W. 1027.

*Sam Williams,* of Mount Pleasant, and *Aubrey Cannon* and *Wm. Hodges,* both of Texarkana, for defendant in error.

The facts alleged by plaintiff in his first amended original petition were sufficient in law to show that he had sustained an accidental injury within the terms and provisions of the insurance policy sued on and that the exception, which excluded injury from gunshot wounds, had been waived by the insurance company, in that it had paid to plaintiff several weekly installments on account of the injury. Equitable Life Ins. Assn. v. Ellis, 105 Texas 526, 47 S. W. 1152; Calhoun v. Maccabees, 241 S. W. 101; Maryland Casualty Co. v. Texas Fireproof Storage Co., 69 S. W. (2d) 826.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Craddock was plaintiff in the trial court and the insurance company was defendant. That court sustained a general demurrer to plaintiff's petition and, upon his declining further to amend, dismissed the cause. The Court of Civil Appeals decided that the petition stated a cause of action and accordingly reversed the judgment of the trial court and remanded the cause thereto for trial on its merits. 83 S. W. (2d) 689. The suit was upon a policy of accident insurance. A recovery of more than $1,400.00 was sought, including attorney's fees and penalties.

The petition is well summarized in the opinion of the Court of Civil Appeals as follows:

"He alleged that by virtue of the terms and conditions of the policy he was entitled to payment for his injury for a term of

104 weeks at $10 per week. He made the usual allegations in his amended petition to the effect that he was the holder of a benefit certificate issued by the appellee, by the terms of which it agreed to pay him a weekly indemnity of $10 per week for accidental injury. He alleged, further, that he was injured on October 4, 1931, through accidental means in that he accidentally shot himself through the leg and knee with a pistol; that said injury incapacitated him from performing work of any nature from the date of said injury up to and including October 14, 1933, being a total of 104 weeks. He alleged in his petition that the policy excepted from that class of injuries for which it was liable 'gunshot wounds.' He alleged, further, that after he had received the accidental gunshot wound the fact was made known to the agent of the company who furnished him with certain blanks to fill out and mail to the company as proof of injury. He mailed these blanks to the company, stating the nature of his accident, and the company paid him for 11 weeks at the rate of $10 per week. It then declined to pay any further weekly installments on the ground that under the terms of the policy it was not liable for an accident of the character complained of. It is undisputed that the policy held by appellant excepted from liability injury from gunshot wounds. This fact was alleged by the appellant in his amended petition, but he alleged further that the company having paid him 11 weeks' indemnity for an accidental injury produced by a gunshot wound, had waived this condition of the policy, and was therefore bound and obligated to pay him the remaining 93 weekly installments, and was estopped from denying its liability by virtue of such waiver. He alleged also that he had gone to considerable expense in securing and preparing claims and proof of injury."

We have concluded that the general demurrer was properly sustained. The question presented is not whether the act of the insurance company in making payments would constitute a waiver of its right to forfeit the policy on account of some breach by the insured of its terms, but is whether a contractual liability may be created by a waiver. By its policy the insurance company did not assume any liability for the risk declared upon and no consideration moved to it after the accident for the assumption of such liability. The insured seeks to create that liability by invoking the doctrine of waiver. That doctrine can not be made to serve that purpose. We quote from the Supreme Court of Michigan in the case of Ruddock v. Detroit Life Ins. Co., 209 Mich. 638, 177 N. W. 242:

"The cases where the doctrine of waiver, or estoppel, has been applied have largely been cases where the insurance companies have relied on a forfeiture of the contract, upon breaches of the warranties and conditions to work such forfeitures; and in many such cases this court and other courts of last resort have held that if the companies have led the other party, to his prejudice, to his expense, to understand that such forfeitures, such breaches of warranties and conditions, would not be insisted upon, then the companies would be estopped from asserting such defenses. But here the defendant makes no claim of forfeiture of the contract; on the contrary, it is insisting upon the contract itself, and insisting that by its terms it did not insure the deceased when engaged in military services in time of war. To apply the doctrine of estoppel and waiver here would make this contract of insurance cover a loss it never covered by its terms, to create a liability not created by the contract and never assumed by the defendant under the terms of the policy. In other words, by invoking the doctrine of estoppel and waiver it is sought to bring into existence a contract not made by the parties, to create a liability contrary to the express provisions of the contract the parties did make."

The opinion in that case quoted freely from the opinion of the Supreme Court of Wisconsin in McCoy v. Northwestern Mutual Relief Association, 92 Wis. 577, 66 N. W. 696, a portion of such quotation being as follows:

"After a loss accrues, an insurance company may, by its conduct, waive a forfeiture; or by some act before such loss it may induce the insured to do or not to do some act contrary to the stipulations of the policy, and thereby be estopped from setting up such violation as a forfeiture; but such conduct, though in conflict with the terms of the contract of insurance and with the knowledge of the insured and relied upon by him, will not have the effect to broaden out such contract so as to cover additional objects of insurance or causes of loss."

In Cooley's Briefs on Insurance, 2d Edition, Vol. 5, p. 3953, this language appears:

"Though the issuance of a policy on an excepted risk estops the insurer to object that the loss is an excepted loss, the doctrine of waiver will not be extended to cover such a risk, if thereby a liability would be created contrary to the express provisions of the contract."

In Rosenberg v. General Accident Fire & Life Assur. Co., (Mo. App.) 246 S. W. 1009, the Court of Appeals of Missouri

quoted approvingly the following terse language from the case of Rosenthal v. Insurance Co., 158 Wis. 550, 149 N. W. 155:

"There might be a waiver of a forfeiture or a breach of contract, but waiver as a ground for extending the scope of a written contract beyond the usual and ordinary meaning of the language employed would be quite a novelty."

32 C. J., p. 1317, makes this statement of the rule:

"A waiver can not operate to bring within the terms of the policy a loss which is expressly excepted therefrom or supply a failure of proof that a loss was covered by the policy."

Other authorities to the same effect are Draper v. Oswego County Fire Relief Association, 115 App. Div. 807, 101 N. Y. Sup. 168; Home Insurance Company of New York v. Campbell Motor Company, 227 Ala. 499, 150 So. 486.

The rule governing those decisions is recognized and applied by the Court of Civil Appeals at Waco in the case of Home Benefit Association v. Griffin, 10 S. W. (2d) 568.

We agree with the principles so well expressed by the above authorities and further writing would not make our views clearer.

The judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed.

Opinion adopted by the Supreme Court October 20, 1937.