Rueben G. MANNING, Appellant,

v.

AMERICAN BANKERS INSURANCE CO., Appellee.

No. 3701.

Court of Civil Appeals of Texas.

Waco.

Dec. 17, 1959.

Rehearing Denied Jan. 14, 1960.

Dunnam & Dunnam, Waco, for appellant.

Cureton & Lanham, Waco, for appellee.

TIREY, Justice.

Plaintiff brought his suit to recover death benefits payable under the terms of an insurance contract for the death of his son. The cause was submitted to the Court on an agreed statement. The Court entered a take-nothing judgment against plaintiff, and he excepted and perfected his appeal to this Court. The judgment is assailed on two grounds. They are substantially to the effect that the Court erred:

(1) In failing to render judgment against the insurance company for the sum of $300.00, being the death benefit under the policy contract for the first death.

(2) In failing to render judgment for 12% penalty and reasonable attorney fees.

We quote the pertinent parts of the agreement:

"1. That the policy of life insurance described in paragraph 1 of plaintiff's petition was issued by Commercial Union Life Insurance Company as Policy No. 59767, dated September 15, 1948 insuring the lives of Rueben G. Manning, Ida Manning, August G. Manning, Jewel Goode and Robert T. Manning. The said policy is attached hereto, marked 'Exhibit A' and incorporated herein for all purposes.

"2. That effective July 1, 1956 the said policy was assumed and reinsured by American Bankers Insurance Company in accordance with the provisions of an Assumption Certificate attached hereto, incorporated herein for all purposes and marked 'Exhibit B'.

"3. That said policy had lapsed and had been reinstated several times after its issuance, but was in full force and effect on June 14, 1957.

"4. That the said policy lapsed on June 15, 1957 for failure to pay the May, 1957 premium within the time required by the policy. In this connection, it is agreed that the May, 1957 premium was due on May 15, 1957, and one month's grace is allowed under said policy and the applicable law, and the said premium not having been paid on or before the end of the said grace period, the policy lapsed as aforesaid; that the premium which would otherwise have become due on June 15, 1957 was not paid within the time required by the terms of the policy.

"5. Robert T. Manning died at 2:55 A.M. on July 14, 1957 as a result of being shot with a gun a few minutes before said hour; that the said Robert T. Manning was the first to die of the five persons originally named as insureds in said policy.

"6. That an application for reinstatement of the above policy was mailed to plaintiff on or about July 8, 1957; that the said application was executed by plaintiff and bears the date of July 13, 1957; that the said application for reinstatement states that all insureds under said policy were in sound health and that none had been sick or injured since the said policy was issued; that the said application was mailed to defendant by plaintiff in an

envelope postmarked 'Waco, Texas, July 14, 1957, 7:30 P.M.' and was received by the defendant on July 15, 1957. Said application is attached hereto, incorporated herein and marked Exhibit 'D'.

"7. All past due premiums on said policy were paid by plaintiff on July 18, 1957 and defendant's receipt therefor is attached hereto, incorporated herein for all purposes and marked 'Exhibit C'.

"8. A line was drawn through the name of Robert T. Manning in the policy, after his death but prior to the reinstatement of the policy. The policy was reinstated on July 18, 1957.

"9. Since the said reinstatement plaintiff has paid all the monthly premiums thereon up to the present.

"10. At the time the defendant accepted the past due premium on July 18, 1957 and at the time the defendant reinstated the policy on July 18, 1957, both the plaintiff and defendant had knowledge of the death of Robert T. Manning.

"11. All conditions precedent to recover upon this policy have been done and performed by plaintiff, subject to the defenses urged by the defendant herein, and if it is found that the policy was in force at the time of the death of Robert T. Manning and if it is found that plaintiff is entitled to recover death benefits under said policy for the death of the said Robert T. Manning, plaintiff is entitled to recover the sum of $300.00 as such death benefits.

"12. Commercial Union Life Insurance Company was at all times pertinent hereto a state-wide mutual assessment life insurance company and defendant, American Bankers Insurance Company, at all times pertinent hereto was and is an old line legal reserve stock company."

In appellant's brief we find this statement:

"American Bankers Life Insurance Company, Appellee, issued a life insurance policy, insuring the lives of Reuben G. Manning, Ida Manning, August G. Manning, Jewell Goode, and Robert T. Manning, under one policy, providing that the amount of $300.00 was payable for the first death, $375.00 for the second death, $500.00 for the third death, $750.00 for the fourth death, and $1500.00 for the fifth death. This policy designated Rueben G. Manning, Appellant herein, as beneficiary. The premiums for the months of May and June 1957 were not paid until July 18, 1957, which was past the grace period provided in said policy. Robert T. Manning died on July 14, 1957, and it was subsequent to his death that past due premiums for May and June were paid. These premiums were accepted by said insurance company with full knowledge of the facts, and the policy was unconditionally reinstated.

"Appellee refused to pay the death benefit of $300.00 provided in the policy for the first death, and it is Appellant's contention that the act of receiving and accepting of premiums and unconditionally reinstating said policy constitutes a waiver and estoppel as a matter of law."

Appellant contends that under the doctrine announced by our Supreme Court in Equitable Life Assurance Society v. Ellis, 105 Tex. 526, 147 S.W. 1152, that the insurance company waived the forfeiture of the policy for non-payment of premiums. We overrule appellant's contentions for reasons which we shall hereinafter briefly state. First of all, the policy in suit covered five persons and provided for monthly premium of $2.25, and this premium remained constant throughout the life of the policy irrespective of removal by death of one or more of the persons insured. It was without question to and for the benefit of the remaining insureds that the policy

be reinstated if such persons desired to continue the insurance, and the premium therefor was $2.25 per month as above stated. The policy provisions expressly set out the procedure to be followed for reinstatement. The policy in suit lapsed on June 15, 1957, for failure to pay the May, 1957 premium within the time required by the policy. The May, 1957 premium was due on May 15, 1957, and one month's grace is allowed under said policy and the applicable law, and it is without dispute that the premium was not paid on or before the end of the grace period provided for in the policy and as allowed by law. Robert T. Manning died at 2:55 A.M., on July 14, 1957, as a result of being shot with a gun a few minutes before said hour, and Robert T. Manning was the first to die of the original five persons named as insureds in the policy. The policy of insurance, as reinstated, is tendered in evidence, and is a part of the record in the case, and we quote the pertinent parts of this application:

"I certify that I am now in sound health and that, if a group policy, all insureds hereunder are now in sound health and that none have been sick or injured nor have they consulted a doctor or practitioner since this policy was issued * * *. It is requested that Policy No. ———— issued by The American Bankers Life Insurance Company, Waco, Texas, be reinstated. This reinstatement may be invalidated, within the contestable period, for false statements respecting the health of any insured member hereunder or other matter material to the risk in the same manner as applicable to the original policy as issued."

The foregoing application for reinstatement was mailed by the company to plaintiff on or about July 8, 1957. It is stipulated that the application was mailed to the company by plaintiff in an envelope postmarked Waco, Texas, July 14, 1957, 7:30 P.M., and was received by defendant company on July 15, 1957. It appears that all past due premiums

on said policy were paid by plaintiff on July 18, 1957. The policy as reinstated showed on its face that a line had been drawn through the name of Robert T. Manning, Age 11, son, "removed, July 14, 1957." It is stipulated that defendant, as well as plaintiff, had notice of the death of Robert T. Manning at the time appellee reinstated the policy. We quote one of the pertinent provisions of the policy:

"The conditions, provisions and stipulations upon which this policy is granted are as follows:

"Upon this policy becoming lapsed for any reason, any adult person insured hereunder may apply for reinstatement of this policy upon such forms as may be furnished by the company. No reinstatement shall become effective until the applicant has received notice of the acceptance of such application for reinstatement while all the surviving insured are alive and in good health. The Company reserves the right to reject any application for reinstatement for any reason it deems sufficient and shall require that all past due premiums be paid as a condition precedent to the passing upon said application. No delay in passing on any application for membership or reinstatement shall ever be construed as constituting an acceptance thereof.

"In the event of the death of any of the insured hereunder, and there arises a question as to the liability of the Company under the terms of this policy on account of the death of such person, the acceptance by the Company of premiums under this policy while said question of liability is being determined shall not be deemed to constitute a waiver on the part of the Company or in any manner affect or prejudice its rights with respect to such claim."

We think the foregoing undisputed factual situation here conclusively shows that the doctrine announced by the Supreme Court

in Equitable Life Assurance Society v. Ellis, 105 Tex. 526, 147 S.W. 1152, supra, is not applicable and controlling here, but on the contrary it is our view that the appellant is precluded from recovery of any sum under the terms of the policy on the life of Robert T. Manning, deceased, under the doctrine announced in Gibralter Colorado Life Insurance Company v. Taylor, 132 Tex. 328, 123 S.W.2d 318, 321. (Com. App. opinion adopted by the Supreme Court). In that opinion we find this statement of the Rule:

"We shall take for granted that the cashier knew at the time that Dewey, the insured, was dead, and that the cashier had authority from the Insurance Company to accept payment of the extension fees as she did, still the acceptance of said fees would not revive the policy, which lapsed before Dewey died. There was no insurance on Dewey's life at the time he died. After he died, there was no subject matter to which the insurance provisions of the lapsed policy could attach. The essential foundation of a life insurance policy is the life of a human being. After the insured dies, the waiver of a forfeiture, which occurred before his death, cannot restore the life insurance contract."

Citing Washington National Insurance Company v. Craddock, 130 Tex. 251, 109 S.W.2d 165, 113 A.L.R. 854. We think a careful reading of the foregoing case will show that the factual situation here brings the appellant under the foregoing Rule and we see no reason to labor the discussion. The appellant, nor the appellee, have cited us to any other cases that directly affect the foregoing factual situation, but we think the following cases are in effect analogous and support the doctrine cited in Gibralter Colorado Life Insurance Company v. Taylor, supra; Mallard v. Hardware Indemnity, Tex.Civ.App., 216 S.W.2d 263, n.w.h.; Alliance Insurance Company v. Continental Gin Co., Tex.Com.App., 285 S.W. 257; National Life Ins. Co. of U. S. v. Manning,

38 Tex.Civ.App. 498, 86 S.W. 618, n.w.h.; Lowry v. Aetna Life Insurance Company, Tex.Civ.App., 120 S.W.2d 505, w. dis.

Needless to say since we are of the view that appellant has no cause of action, point 2 passes out of the case and need not be discussed. Accordingly, points 1 and 2 are overruled, and the judgment of the trial court is affirmed.

WILSON, J., not participating.