**Roy Rob REEVES, Appellant,**

v.

**NEW YORK LIFE INSURANCE COMPANY, Appellee.**

**No. 16978.**

Court of Civil Appeals of Texas.

Dallas.

Oct. 27, 1967.

Rehearing Denied Nov. 24, 1967.

Harold B. Stone, of Kelsoe & Stone, Dallas, for appellant.

Larry M. Lesh, of Locke, Purnell, Boren, Laney & Neely, Dallas, for appellee.

BATEMAN, Justice.

The appellant Roy Rob Reeves seeks reversal of a summary judgment against him in his suit against appellee New York Life Insurance Company on two policies of insurance, one covering hospital and other medical expenses and the other providing for disability payments in event of accidental injury. In applying for the policies appellant disclosed previous trouble with his left knee and pain in his low back. The policies were issued as applied for, except that each contained this "Additional Exception Rider":

"If the written acceptance of the Insured is indicated hereon, it is hereby agreed that, in addition to other exceptions set forth in this policy, this policy shall not cover any loss resulting from any injury to the left knee or to the lumbosacral or sacroiliac regions of the back."

At the bottom of each such rider was the following: "Accepted by ROY ROB REEVES Insured," the name being typewritten.

The policies were dated July 1, 1964, and in the latter part of November 1965 Reeves suffered a herniation of the disk between his fifth lumbar and first sacral vertebrae. The surgeon who removed the disk sent his bill for $125 to appellee, and appellee sent its check for $125 to appellant. Appellee subsequently advised appellant that the check had been sent in error and he was asked to return it. Appellant's claims under both policies were denied on the ground that they were excluded by the above quoted riders.

The facts of the case are undisputed and, in our opinion, justified the summary judgment. We think appellee fully discharged its burden, imposed upon it by Rule 166–A, Vernon's Texas Rules of Civil Procedure, of showing the absence of any genuine issue as to any material fact and that it was entitled to a judgment as a matter of law.

■ By his first point of error appellant says the trial court erred in recognizing the validity of the exclusion riders when, upon their face, they require that they be accepted in writing by the insured, and, since his name was typewritten on the riders, such acceptance was not shown. However, it was shown by appellant's own testimony in his deposition. He testified unequivocally that he was told by the agent that these riders would have to be attached, and that he knew he had to agree to the terms thereof before the policies would be delivered to him; that he was not particularly concerned about the exclusions and accepted them; and that he signed the original riders containing the exclusions. His first point of error is overruled.

■ By his second, third and fourth points of error appellant seeks to avoid the effect of the exclusions by pointing to the sending by appellee of the $125 check, and certain statements of its soliciting agent concerning the effect of the policies and riders, as constituting a practical construc-

tion of the insurance contracts contrary to the explicit exclusions, thereby waiving the latter and estopping appellee from relying thereon. These points are without merit. Statements of appellee's agents which are contrary to the plain and unambiguous provisions of the exclusion riders cannot be regarded as having the effect of altering those provisions. Quite appropriate here is this excerpt from the opinion of our Supreme Court in General American Indemnity Co. v. Pepper, 161 Tex. 263, 339 S.W.2d 660, 661 (1960):

> "The words used in this clause are not susceptible of two meanings. They are clear and unambiguous, and, therefore, there is nothing to be construed. It is only where there is uncertainty as to the meaning of a contract or some portion thereof that rules of construction are to be applied."

See also Guardian Life Ins. Co. of America v. Scott, 405 S.W.2d 64 (Tex.1966); Transport Ins. Co. v. Standard Oil Co. of Texas, 161 Tex. 93, 337 S.W.2d 284 (1960); American Indemnity Co. v. Higgenbotham, 52 S.W.2d 653 (Tex.Civ.App., Austin 1932, no writ).

■ A contract cannot be created by estoppel, Massachusetts Bonding & Ins. Co. v. Dallas Steam L. & D. Works, 85 S.W.2d 937 (Tex.Civ.App., Eastland 1935, writ ref'd), and estoppel and waiver cannot bring within the coverage of a policy a loss which is expressly excluded therefrom. Southland Life Ins. Co. v. Vela, 147 Tex. 478, 217 S.W.2d 660 (1949); Washington Nat. Ins. Co. v. Craddock, 130 Tex. 251, 109 S.W.2d 165, 113 A.L.R. 854 (1937); Federal Ins. Co. v. Forristall, 401 S.W.2d 285 (Tex.Civ.App., Beaumont 1966, writ ref'd n.r.e.); White v. Great American Reserve Ins. Co., 342 S.W.2d 793 (Tex.Civ.App., Dallas 1961, no writ); Great American Reserve Ins. Co. v. Mitchell, 335 S.W.2d 707 (Tex.Civ.App., San Antonio 1960, writ ref'd); Southland Life Ins. Co. v. Statler, 139 Tex. 496, 163 S.W.2d 623 (1942); Mutual Life Ins. Co. of

New York v. Anderson, 408 S.W.2d 335 (Tex.Civ.App., Dallas 1966, writ ref'd n.r.e.); Southwestern Life Ins. Co. v. Evans, 262 S.W.2d 512 (Tex.Civ.App., Beaumont 1953, writ ref'd); Great American Casualty Co. v. Eichelberger, 37 S.W.2d 1050 (Tex.Civ.App., Waco 1931, writ ref'd). Appellant's second, third and fourth points of error are overruled.

■ By his fifth point of error appellant complains of the judgment against him because he says he was charged the same rate of premium with substantially reduced coverage as others paid without such reduction, which constituted unfair and illegal discrimination under the laws of Texas.

The only statute we find bearing on the matter of illegal discrimination with respect to accident or health insurance is in Art. 21.21, Sec. 4, Subdivision (7) (b), Insurance Code, Vernon's Ann.Civ.St., wherein the following is prohibited:

> "(b) Making or permitting any unfair discrimination between individuals of the same class and of essentially the same hazard in the amount of premium, policy fees, or rates charged for any policy or contract of accident or health insurance or in the benefits payable thereunder, or in any of the terms or conditions of such contract, or in any other manner whatever."

It is not shown that any other individual "of the same class and of essentially the same hazard" was charged a lesser premium than that charged appellant. As said in Hilson v. Sun Life Assur. Co. of Canada, 132 F.2d 989 (5th Cir.1943),

> "To increase the premium for taking the risk for such a cause is not a discrimination, but a reasonable difference. If a higher premium for an increased risk were made unlawful, a person whose health is thus impaired could get no insurance."

The fifth point of error is overruled.

The judgment appealed from is affirmed.