**Frank R. BOYD, Appellant,**

v.

**The TRAVELERS INSURANCE COMPANY, Appellee.**

**No. 59.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 15, 1967.

Rehearing Denied Dec. 13, 1967.

Tom F. Coleman, Jr., Powell, Tucker, Kain & Reedy, Houston, for appellant.

Robert A. Hall, Baker, Botts, Shepherd & Coates, Houston, for appellee.

SAM D. JOHNSON, Justice.

This suit was brought by appellant, Frank R. Boyd, against appellee, Travelers Insurance Company, for benefits under a group insurance policy. Liability on the policy was denied by appellee, Travelers Insurance Company, on the grounds that a condition in the policy had not been met and as a result, that the policy was not in effect at the time of the loss.

The policy of insurance under which appellant sought coverage provided that employees who applied were to be eligible for insurance on the date on which they completed one month of service, but provided under "effective dates of insurance" that:

"Any Employee, who is not actually at work on the date his Employee Insurance is to become effective shall not be insured until he actually returns to work. An Employee who is not actually at work because he is on vacation or it is his day off shall, for the purpose of this Insurance be deemed actually at work on his last scheduled working day prior to such vacation or day off."

Appellant's contention was that even though he had not been at work on the date the policy was to have become effective, the "actually at work" policy condition had been

waived, or in the alternative, that the appellee had estopped itself from asserting it. The case was tried to a jury and after the appellant had closed, the jury was instructed to return a verdict in favor of appellee.

The pertinent dates are as follows: on May 5, 1959, appellant Boyd commenced employment for Air Control Products, the company for whose employees the master policy was issued. On May 12, 1959, appellant Boyd applied for insurance coverage. On June 1, 1959, he sustained an injury to his finger while working for Air Control Products; however, he does not seek recovery in this case for the finger injury. June 1, 1959, the date of the finger injury, was the last day on which appellant Boyd worked. June 4, 1959, was the date on which the employee insurance coverage would have become effective if appellant Boyd had been actually at work. On June 13, 1959, appellant Boyd was involved in an accident and sustained the loss of a leg. It is for the loss of the leg that appellant Boyd seeks recovery in this case.

Appellant concedes that he was not at work on June 4, 1959, but contends that he is entitled to coverage because the appellee had committed certain acts which constituted a waiver of its right to rely on the restrictive provisions of the policy and for the further reason that the defendant was estopped from asserting the policy's limiting provisions. The appellee contends that since the plaintiff was not "actually at work" on the date the employee insurance was to become effective and never returned to work thereafter, that appellant never had coverage under the policy at any time. Appellee further contends that waiver and estoppel cannot, as a matter of law, operate to afford the appellant coverage under the facts of this case and in the alternative, that there is no evidence of waiver or estoppel.

By numerous points appellant attaches error on the part of the court below in instructing a verdict for appellee, alleging that there were numerous acts on the part of appellee that would indicate that the policy condition had been waived. These are that appellee accepted and retained premium payments which appellant had made, that appellee delivered a certificate of insurance and identification card to appellant, that appellee took proofs of loss from the appellant, and that appellant made and appellee accepted, a partial payment of the proceeds due under the policy. He contends further error on the part of the court below in that the jury should have been permitted to determine whether or not the appellee was estopped to assert certain policy provisions of the master policy that were not fully contained in the delivered certificate of insurance, and also in that the jury should have been allowed to determine whether or not appellant was induced to make additional policy premium payments by reason of the payment of part of the proceeds due under the policy.

The record before this court will support neither the contention that appellee accepted and appellant made a premium payment on the policy of insurance in question nor that Air Control Products was the agent of appellee, Travelers Insurance Company, for the purpose of receiving and paying over such premiums. Even if the question of agency were resolved in appellant's favor, the mere acceptance of premiums will not constitute waiver so as to "create a new and different contract with respect to risks covered by the policy." Great American Reserve Ins. Co. v. Mitchell, 335 S.W.2d 707 (Tex.Civ.App. 1960), writ ref.

The record will not support the contention that appellant signed or submitted a proof of loss which appellee accepted. Even if this fact were conceded, this would not constitute a waiver of the policy provisions so as to initially create contractual liability on the part of appellee. Washington Nat. Ins. Co. v. Craddock, 130 Tex. 251, 109 S.W.2d 165, 113 A.L.R. 854 (Com.App. 1937). There the insurance company furnished the plaintiff proof of loss forms and the plaintiff incurred expense in filling

them out and sending them in. The Texas Commission of Appeals held, however, that contractual liability cannot be *created* by waiver. "A waiver cannot operate to bring within the terms of the policy a loss which is expressly excepted therefrom or supply a failure of proof that a loss was covered by the policy." Washington Nat. Ins. Co. v. Craddock (supra).

■ Similar contentions relative to the delivery of the insurance certificate were asserted in White v. Great American Reserve Ins. Co., 342 S.W.2d 793 (Tex.Civ. App.1961, no writ history) where, as here, a motion for instructed verdict had been granted by the trial court. There the plaintiff sued on a group life insurance policy which the company had issued on the lives of employees of the City of Dallas. Plaintiff's deceased husband had commenced work as an employee of the City of Dallas on February 12, 1957, had become ill on May 8, 1957, and had never again worked as an employee for the City. He died on June 2, 1957. The group policy sued on provided that employees would be eligible to apply for insurance from the date on which they completed three months' service. One section of that policy provided "any employee who is not actually at work on the date his insurance is to become effective shall not be insured until he actually returns to work." Prior to his death, however, a certificate of insurance had been delivered to the employee and it was there contended that the defendant insurance company was liable on the grounds of estoppel because of the delivery of the certificate. The Dallas Court of Civil Appeals stated that " ' * * * the mere manual possession of the certificate alone, though its delivery to the employee was authorized by the insurance company did not entitle the employee to protection under its provisions.' There can be no estoppel in this case because of the fact that the insured was in possession of the certificate." The rule of the White case, strikingly similar to the case at bar, is applicable here.

■ The contention that appellee was estopped to assert the limiting provisions of the policy because of the failure of the certificate of insurance to contain all of the provisions of the master policy must be rejected. Confronted with a similar contention, the Texas Commission of Appeals, in Wann v. Metropolitan Life Ins. Co., 41 S. W.2d 50 (Tex.Com.App.1931), stated: "Under such contract the certificate issued to the plaintiff in error did not constitute the complete contract of insurance. It merely evidenced his right to participate in the insurance provided by his employer under the terms and conditions imposed in the group policy when construed in connection with the certificate."

■ The record before this court relative to the allegations of partial payment of the policy proceeds and reliance on payment inducing appellant to make additional premium payments, presents a somewhat different situation. The record indicates that Air Control Products received the appellant's hospital bill and on the assumption that appellant had insurance coverage, forwarded the bills to appellee, Travelers Insurance Company, for payment. Travelers made such payment. It was then determined that the payment was made in error because the appellant had no coverage by virtue of the "actually at work" policy provision. Travelers then requested a refund of the payment from Air Control Products, which was made. The record in this case will only support the conclusion that the payment was made in error; there is no support for the allegation that the appellant was in any way induced to make a subsequent premium payment because of the appellee's erroneous partial payment of his medical expenses. Even if this were conceded, neither estoppel nor waiver can be relied upon in this connection. See Washington National Ins. Co. v. Craddock, supra.

■ The rule that is determinative of appellant's contention in this case is enunciated in White v. Great American Reserve Ins.

Co., supra, " * * * While estoppel will operate to prevent forfeiture of a policy already in effect, it will not operate to create or enlarge the scope of the coverage over and beyond the risk contractually assumed under the terms of the policy." (citing numerous cases). To hold otherwise would enlarge the coverage of the policy and would create coverage where none was intended by the clear and explicit terms of the policy provisions.

The judgment of the trial court is affirmed.