**The AMERICAN HOSPITAL AND LIFE INSURANCE COMPANY, Appellant,**

v.

**Albert H. POLLARD, Independent Executor, Appellee.**

**No. 11793.**

Court of Civil Appeals of Texas, Austin.

Feb. 17, 1971.

Rehearing Denied March 10, 1971.

Boyle, Wheeler, Gresham, Davis & Gregory, Bond Davis, San Antonio, for appellant.

Howard H. Hasting, San Antonio, Harry S. Pollard, Austin, for appellee.

SHANNON, Justice.

Appellant, The American Hospital and Life Insurance Company, has appealed from a judgment of the 98th District Court of Travis County in favor of appellee Albert H. Pollard, Independent Executor of the Estate of Orion Procter. Pollard's suit was for the proceeds of a certificate of group life insurance policy issued by appellant upon the life of Orion Procter.

The certificate of insurance sued upon, issued pursuant to the master group policy obtained by the Police and Fire Department of San Antonio for its employees, provided that insurance coverage ceased "upon termination of employment." The master group policy afforded coverage, provided that " * * * the employee shall be at work for full time and full pay * * * " While Procter at one time had been an employee of the San Antonio Police Department, he was not when he obtained appellant's insurance nor when he died. Appellee tried his case to the court upon the theory that appellant had waived the policy provision requiring that an employee be at work for full time and full pay, and that appellant was estopped to

deny the validity of the certificate of insurance. The court agreed, and entered judgment for appellee for $3,000.00, penalties, interest, attorney's fees and costs.

We reverse and render judgment for appellant.

Until March 4, 1949, the San Antonio Police and Fire Department had a group policy for its employees with Aetna Life Insurance Company. While an employee of the police force, Procter obtained a certificate of insurance from Aetna. After retirement, Procter continued to pay premiums to Aetna until March, 1949.

In January of 1949 Charles South, a soliciting agent for appellant, proposed to the Police and Fire Commissioner that the Aetna coverage be replaced by appellant's. The Commissioner, after consultation with the mayor, was amenable to the change provided that appellant would insure the lives of all employees then covered by Aetna, including ten or twelve men, no longer employees, but who still had Aetna coverage. South reported the Commissioner's requirement to McClure, his group manager, also, according to the record, a soliciting agent. The record does not trace any further happenings within appellant's organization after South reported to McClure.

South then began seeking applications for group life insurance from the Department employees and from those former employees still insured with Aetna. Later South delivered the completed applications and premiums to McClure, who knew that the applications and premiums were from both current employees and former employees.

Although South handled Procter's application by mail and, likewise, received his premium payment, he knew that Procter was not at that time an employee of the Police and Fire Department. In early March of 1949, Procter received two letters from the Police Department informing him, in effect, that appellant's insurance had replaced Aetna's and that he was protected under the new insurance.

In May of 1949 a rider, made part of appellant's master policy, named seven former employees who had been insured under the Aetna policy, but who were not employees when appellant's insurance became effective. Procter was not among those named. He died in August of 1949.

Appellee's lawsuit was not against the insurance agent for damages for breach of contract to obtain insurance coverage, nor was it a suit against appellant alleging the breach of a separate contract providing the additional coverage. Instead, appellee sued upon the certificate of insurance and the group master policy, and to prevail, he must in some way escape those provisions requiring that Procter be "at work for full time and full pay," and that coverage ceased "upon termination of employment." To that effect, appellee pleaded and sought to prove waiver and estoppel.

■ It is settled law in this State that waiver and estoppel may avoid a forfeiture of a policy, but may not change, re-write and enlarge the risks covered. "In other words, waiver and estoppel cannot create a new and different contract with respect to risks covered by the policy." Great American Reserve Insurance Co. v. Mitchell, 335 S.W.2d 707 (Tex.Civ.App.1960, writ ref.), Washington Nat. Ins. Co. v. Craddock, 130 Tex. 251, 109 S.W.2d 165 (1937), 1 A.L.R. 3d 1139.

■ We construe the policy provisions in question as relating to coverage, and assuming, but not deciding, that facts showing waiver and estoppel were established, still those doctrines cannot enlarge coverage to include a non-employee.

The judgment is reversed and rendered that all relief be denied appellee other than the recovery of premiums paid by Orion Procter to appellant.