Robert A. VOSS, Appellant,

v.

**MUTUAL OF OMAHA INSURANCE CO.,**
Appellee.

No. 14998.

Court of Civil Appeals of Texas,
San Antonio.

June 30, 1971.

Rehearing Denied July 28, 1971.

Hope, Henderson, Hohman & Georges,
San Antonio, for appellant.

George H. Spencer, Clemens, Knight,
Weiss & Spencer, San Antonio, for appel-
lee.

BARROW, Chief Justice.

Appellant has perfected his appeal from
a take-nothing summary judgment granted
in his suit to recover disability benefits un-
der a group policy issued by appellee to
appellant's employer, Cudahy Company.

The policy provides in part for payment
in the event of the disability of a covered

Cudahy employee of a biweekly income benefit equal to 60% of the basic biweekly earnings in effect immediately prior to the protected person's cessation of active employment because of disability, not to exceed $923.00. It further provides, however, that such benefit shall be reduced by the total amount of benefits or compensation the protected person or any other party on his behalf received or is entitled to receive from the following sources for such disability: (1) Workmen's compensation or similar legislation. (2) Social Security or Railroad Retirement Act.

It was stipulated that appellant was employed by Cudahy, and on May 24, 1968, his weekly earnings were not in excess of $125.00. On this date, he sustained an injury that resulted in a claim for workmen's compensation which was eventually settled, whereby appellant netted the sum of $7,405.00. He began receiving social security disability payments approximately eighteen months after the injury, retroactive to date of injury, in the amount of $310.50 per month which was increased in March, 1969, to $361.80. He received biweekly payments from appellee in the total sum of $1,850.00. In July, 1969, the biweekly payments were terminated by appellee because his social security disability payments were in excess of the biweekly payments he would have been entitled to receive under the terms of the policy based upon his earnings. This action was upheld by the trial court in granting the take-nothing summary judgment.

■ Appellant urges by his first point that appellee may not claim the benefits of the provision reducing the liability for biweekly disability payments since appellee knew at the inception of coverage that appellant would be entitled to workmen's compensation and social security benefits. The

provision of Article 3.70–3(A) (5), Insurance Code, Vernon's Annotated Civil Statutes,[1] if applicable, supports the position of appellant in this contention; and, therefore, the question before us on this point is whether this subsection has application to this type policy.

Subchapter G., Accident and Sickness Insurance, being Article 3.70–1 et seq., hereinafter referred to as the "Act," was not enacted as part of the Insurance Code of 1951, but was added by Acts 1955, 54th Leg., p. 1044, ch. 397. Section 1 thereof includes the scope of the Act as well as certain definitions. Section 2 sets forth the form of policies to be issued thereunder while Section 3 contains the form of various provisions required to be included in such a policy as well as certain optional provisions. Section 4 thereof as revised effective January 1, 1968, provides in part: "(A) No policy provision which is not subject to Section 3 of this Act shall make a policy, or any portion thereof, less favorable in any respect to the insured or the beneficiary than the provisions thereof which are subject to this Act." Section 8 provides in part: "Nothing in this Act shall apply to or affect * * * (3) any blanket or group policy of insurance except as provided in Section 2, Subsection B; * * *."[2]

Thus it is seen that under the provisions of Section 8 of this subchapter, the form of the policy and provisions required to be contained therein are inapplicable to a group policy of insurance. The intent to exclude group policies from the provision of this subchapter is also seen in Section 2(A) (3) thereof, wherein it is provided under "Form of Policy" that such policy must purport to insure only one person or an adult member of a family, together with two or more eligible members of his family, including dependent children or children under 25 years of age. Since it is undis-

---

1. This section essentially prohibits any reduction of the insurer's liability if the applicant has given it written notice prior to the commencement of loss that there is other coverage providing benefits for the same loss. The insurer is charged with notice of workmen's compensation and social security benefits.

2. Section 2, Subdivision B has reference to the type of practitioner who will be recognized and has no application here.

puted that this was a *group* policy issued to the employees of Cudahy, the trial court properly concluded that neither Article 3.70–3(A) (5) nor 3.70–4 prohibited appellee from reducing the biweekly disability payments by the amount of social security received by appellant in accordance with the terms of the policy.

■ Appellant urges by his second and third points that appellee waived its right to reduce said biweekly benefits or is estopped to reduce same or, in any event, it would be unjust, unfair, inequitable, misleading, deceptive and contrary to the law and public policy of this State to permit appellee to apply the reduction clause of said policy. The thrust of his argument under these points is that this reduction clause made it virtually impossible for appellant to ever recover under this policy; and since appellee knew this fact at the time appellant's policy was issued, appellee waived the right to apply such reduction clause by collecting premiums on the policy.

The policy sued on herein was a group policy issued to Cudahy. It was optional for the employees to participate in the plan although they were urged to do so. Cudahy contributes a substantial portion of the premium expense, and the employee's portion is 4/10 of 1% of the monthly salary. The policy provides for payment of 60% of wages of Cudahy's employees during disability up to $923.00 biweekly. However, under the policy, the benefits due the eligible employee are reduced by benefits or compensation that the protected person recovers from other stated sources, such as workmen's compensation or social security benefits.

It must be recognized at the outset that while it is highly unlikely that appellant would ever be entitled to any additional benefits under this policy for this disability in that the social security benefits provided by law are now substantially in excess of 60% of his biweekly salary, it cannot be said that appellee had no exposure under this policy at the time appellant joined the plan. Workmen's compensation coverage is obviously different than the coverage under this policy in that the former offers coverage only to accidents sustained in the course of employment, whereas the coverage under this policy applies "when the protected person sustains accidental bodily injuries or contracts a sickness which results in total disability * * *." Also, social security coverage is different from the coverage under this policy in a number of respects. 42 U.S.C.A., Section 401 et seq. The amount of social security benefits is based on average earnings over a period of prior years and the number of dependents. The policy covers all employees having three months employment with Cudahy, and the benefits are the same for all such employees regardless of dependents. Age, waiting period, insured status, mandatory acceptance of rehabilitation services, and other differences exist in social security coverage and the provisions of the policy involved herein.

We see nothing in this group policy which is against public policy. A similar provision in a group disability policy was given effect by the Montana Supreme Court in Williams v. Insurance Co. of North America, 150 Mont. 292, 434 P.2d 395 (1967). See also Wise v. American Casualty Co. of Reading, Pa., 117 Ga.App. 575, 161 S.E.2d 393 (1968); Cash v. American Health Ins. Corp., 203 Va. 719, 127 S.E.2d 119 (1962).

Nor can it be said that appellee waived the right to apply such reduction clause or is estopped from applying same. A waiver cannot operate to bring within the terms of the policy a loss which is expressly excepted therefrom. Washington National Ins. Co. v. Craddock, 130 Tex. 251, 109 S.W.2d 165 (1937); Reeves v. New York Life Ins. Co., 421 S.W.2d 686 (Tex.Civ.App.—Dallas 1967, writ ref'd n. r. e.); Boyd v. Travelers Ins. Co., 421 S.W.2d 929 [Tex.Civ.App.—Houston (14th Dist.) 1967, writ ref'd n. r. e.].

Here the summary judgment record established that appellee has fully discharged its liability under the terms of the policy issued by it to appellant. The trial court properly granted the take-nothing summary judgment.

The judgment is affirmed.