

CHIEF JUSTICE
JAMES T. WORTHEN

CLERK
CATHY S. LUSK

# TWELFTH COURT OF APPEALS

JUSTICES
SAM GRIFFITH
DIANE DeVASTO

CHIEF STAFF ATTORNEY
MARGARET HUSSEY

Friday, September 30, 2005

Mr. Richard L. Ray
Ray & Elliott, PC
300 S. Trade Days Blvd.
(300 S. Hwy 19)
Canton, TX 75103

Mr. Erik E. Ekvall
Ekvall & Byrne, LLP
12377 Merit Drive
Suite 700
Dallas, TX 75251

RE:  Case Number:              12-04-00141-CV
     Trial Court Case Number:  02-00163

Style:  Jimmie Don Miller

        v.

        Progressive County Mutual Insurance Company

Enclosed is a copy of the Memorandum Opinion issued this date in the above styled and numbered cause.  Also enclosed is a copy of the court's judgment.

Very truly yours,

CATHY S. LUSK, CLERK

By: *Katrina McClenny*
    Katrina McClenny, Chief Deputy Clerk

CC:     Hon. John Ovard
        Hon. Teresa Drum
        Ms. Karen Wilson

# NO. 12-04-00141-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JIMMIE DON MILLER,*<br>*APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *PROGRESSIVE COUNTY MUTUAL*<br>*INSURANCE COMPANY,*<br>*APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

This is an insurance coverage case. Jimmie Don Miller appeals a summary judgment in favor of Progressive County Mutual Insurance Company and the denial of his own motion for summary judgment. In one issue, Miller contends that the doctrines of waiver and estoppel precluded Progressive from denying coverage. We affirm.

### BACKGROUND FACTS

Jimmie Don Miller filed suit against Bobbie Smith for damages arising out of an automobile accident. Smith did not notify her insurance carrier, Progressive County Mutual Insurance Company, that she was being sued and did not forward the lawsuit papers to Progressive. On August 7, 2001, the trial court rendered a default judgment against Smith in the amount of $175,000.

On August 14, 2001, Progressive requested information from Miller's attorney

regarding the status of Miller's treatment for injuries related to the accident. On September 6, 2001, Progressive sent a letter to Smith informing her of a possible lawsuit by Miller. The letter asked Smith to notify Progressive if Miller filed suit.

On September 11, 2001, in response to Progressive's August 14 inquiry, Miller's attorney sent a letter to Progressive stating that Miller had obtained a default judgment against Smith. This letter was dated four days after the default judgment became final. Thereafter, Progressive denied coverage, and Miller sued Progressive to enforce the default judgment. Progressive filed a motion for summary judgment asserting noncoverage because it did not receive notice of the underlying lawsuit. Miller filed a motion for summary judgment seeking to establish coverage. The trial court granted Progressive's motion for summary judgment denying coverage and denied Miller's motion for summary judgment seeking to establish coverage. This appeal followed.

## STANDARD OF REVIEW

Summary judgment is appropriate if the movant establishes that it is entitled to judgment as a matter of law on the issues set out in the motion. TEX. R. CIV. P. 166a(c). In reviewing a traditional summary judgment, we apply the following well-established standard:

> 1. The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;
>
> 2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and
>
> 3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). When parties file cross-motions for summary judgment, each party in support of its own motion necessarily takes the position that there is no genuine issue of fact in the case and that it is entitled to judgment as

a matter of law. *Ackermann v. Vordenbaum*, 403 S.W.2d 362, 364 (Tex. 1966).

Each party has the burden of clearly proving its right to judgment as a matter of law, and neither may prevail simply because the other failed to discharge its burden. *James v. Hitchcock Indep. Sch. Dist.*, 742 S.W.2d 701, 703 (Tex. App.–Houston [1st Dist.] 1987, writ denied). Where the trial court grants one motion for summary judgment and denies the other, we must review the summary judgment evidence presented by both sides and determine all questions presented. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex. 1988). In so doing, we first review the order granting summary judgment, and if we determine the order was erroneous, we review the trial court's action in overruling the denied motion. *See Tobin v Garcia*, 159 Tex. 58, 64, 316 S.W.2d 396, 400 (1958). We may then either affirm the judgment or reverse and render the judgment the trial court should have rendered, including one that denies both motions. *Gramercy Ins. Co. v. MRD Investments, Inc.*, 47 S.W.3d 721, 724 (Tex. App.–Houston [14th Dist.] 2001, pet. denied) (citing *Jones*, 745 S.W.2d at 900). We may also render judgment for the other movant, provided that both parties sought final judgment relief in their cross motions for summary judgment. *See CU Lloyd's of Texas v. Feldman*, 977 S.W.2d 568, 569 (Tex. 1998); *Jones*, 745 S.W.2d at 900.

Where, as here, the court's order does not specify the grounds upon which summary judgment was granted, we will affirm the judgment on any meritorious theory advanced in the motion. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

## ESTOPPEL AND WAIVER

In his sole issue, Miller contends that Progressive waived its right to rely on the notice provision of the policy and cooperation clause of the policy. Consequently, Miller argues, Progressive was estopped to deny coverage and, therefore, was not entitled to summary judgment. Miller concedes that, as a general rule, where an insurance policy "has the appropriate wording" requiring its insured to provide notice of suit, the insurance company is prejudiced as a matter of law if its insured fails to provide the required notice before a default

3

judgment becomes final and unappealable.[1] *See Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 174 (Tex. 1995); *Liberty Mut. Ins. Co. v. Cruz*, 883 S.W.2d 164, 165 (Tex. 1993). Miller does not contend that Progressive had notice of the default judgment prior to the date the judgment became final. Instead, Miller contends that the "prejudice as a matter of law" rule is inapplicable here because Progressive paid his property damage claims. Miller further asserts that Progressive's payment of the claims is an acknowledgment of liability. Consequently, he concludes, Progressive waived its noncoverage defense and was estopped to deny coverage.

Progressive maintains that Miller failed to plead waiver and estoppel and, therefore, may not avail himself of these doctrines. Alternatively, Progressive contends that waiver and estoppel are inapplicable in this case. Based upon our review of Miller's summary judgment motion, we conclude that he has raised both waiver and estoppel. Therefore, we will address his issue.

## Applicable Law

Waiver has been frequently defined as an intentional relinquishment of a known right or intentional conduct inconsistent with claiming it. *Ford v. State Farm Mut. Auto. Ins. Co.*, 550 S.W.2d 663, 666 (Tex. 1977). Waiver is essentially unilateral in character. *United States Fidelity & Guaranty v. Bimco*, 464 S.W.2d 353, 358 (Tex. 1971). It results as a legal consequence from some act or conduct of the party against whom it operates, and no act of the

---

[1] The policy in the case at bar, in Part E – Duties After Accident or Loss – General Duties, includes the following notice requirement:

A.   We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured person and of any witnesses. If we show that your failure to provide notice prejudices our defense, there is no liability coverage under the policy.

B.   A person seeking any coverage must:

1.   Cooperate with us in the investigation, settlement or defense of any claim or suit.

2.   Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

party in whose favor it is made is necessary to complete it. *Id.* Waiver need not be based on estoppel. *Id.* Estoppel arises where by fault of one, another has been induced to change his position for the worse. *Massachusetts Bonding & Ins. Co. v. Orkin Exterminating Co.*, 416 S.W.2d 396, 401 (Tex. 1967). Thus, estoppel requires a showing that the insured was prejudiced by the conduct of the insurer. *American Eagle Ins. Co. v. Nettleton*, 932 S.W.2d 169, 174-75 (Tex. App.–El Paso 1996, writ denied).

As a general rule, waiver and estoppel cannot enlarge the risks covered by a policy and cannot be used to create a new and different contract with respect to the risk covered and the insurance extended. *Minnesota Mut. Life Ins. Co. v. Morse*, 487 S.W.2d 317, 320 (Tex. 1972).

In a proper case, however, waiver or estoppel can prevent an insurer from asserting policy defenses, including the defense of noncoverage. *See Tull v. Chubb Group of Ins. Cos.*, 146 S.W.3d 689, 694-95 (Tex. App.–Amarillo 2004, no pet.).

In reviewing the record, we note that Progressive paid Miller for the property damage on May 25, 2000, which was approximately one year before Smith was served with the lawsuit on May 8, 2001. Therefore, at the time it paid Miller's property damage claims, Progressive had no knowledge of its right to deny liability coverage under the policy. Absent such knowledge, Progressive's payment of Miller's property damage claims does not constitute a waiver of Progressive's right to rely on the notice provision and cooperation clause of the policy. *See Tull*, 146 S.W.3d at 695 (citing *Washington Nat'l Ins. Co. v. Craddock*, 130 Tex. 251, 253, 109 S.W.2d 165, 166 (Tex. Comm'n App. 1937) (holding that under Texas law, payment of some policy benefits does not necessarily estop an insurer from asserting its noncoverage defense)). Miller also points out that on June 28, 2001, Progressive paid a "lien for ETMC for IGP Korosec." This payment was also made before Progressive received notice of Miller's suit against Smith and likewise does not effect a waiver. Moreover, neither the payment of Miller's property damage claims or payment of the ETMC lien prejudiced Smith, its insured. Therefore, estoppel is inapplicable. *See American Eagle Ins. Co.*, 932 S.W.2d at 174-75.

In summary, neither payment of the property damage claims or the ETMC lien precluded summary judgment against Miller. The summary judgment record contains no evidence that the actions of Progressive operated to harm Smith or prejudice her position in Miller's lawsuit against her. Therefore, waiver and estoppel are not applicable here. Accordingly, the trial court properly granted Progressive's motion for summary judgment. Consequently, we do not address the denial of Miller's motion. Miller's sole issue is overruled.

## CONCLUSION

Having overruled Miller's sole issue, the judgment of the trial court is *affirmed*.

__DIANE DEVASTO__
Justice

Opinion delivered September 30, 2005.
*Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.*

(PUBLISH)



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

## JUDGMENT

### SEPTEMBER 30, 2005

### NO. 12-04-00141-CV

**JIMMIE DON MILLER,**

Appellant

V.

**PROGRESSIVE COUNTY MUTUAL**

**INSURANCE COMPANY,**

Appellee

Appeal from the 294th Judicial District Court
of Van Zandt County, Texas. (Tr.Ct.No. 02-00163)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being inspected, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **JIMMIE DON MILLER**, for which execution may issue, and that this decision be certified to the court below for observance.

Diane DeVasto, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.*