MARY'S OPINION HEADING 







                                                                                    NO. 12-04-00141-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
JIMMIE DON MILLER,                              §          APPEAL FROM THE 294TH
APPELLANT


V.                                                                    §          JUDICIAL DISTRICT COURT

PROGRESSIVE COUNTY MUTUAL
INSURANCE COMPANY,
APPELLEE                                                   §          VAN ZANDT COUNTY, TEXAS
                                                                                                                                                   
MEMORANDUM OPINION
            This is an insurance coverage case. Jimmie Don Miller appeals a summary judgment
in favor of Progressive County Mutual Insurance Company and the denial of his own motion
for summary judgment. In one issue, Miller contends that the doctrines of waiver and estoppel
precluded Progressive from denying coverage. We affirm.
 
Background Facts
            Jimmie Don Miller filed suit against Bobbie Smith for damages arising out of an
automobile accident. Smith did not notify her insurance carrier, Progressive County Mutual
Insurance Company, that she was being sued and did not forward the lawsuit papers to
Progressive. On August 7, 2001, the trial court rendered a default judgment against Smith in
the amount of $175,000.
            On August 14, 2001, Progressive requested information from Miller’s attorney
regarding the status of Miller’s treatment for injuries related to the accident. On September
6, 2001, Progressive sent a letter to Smith informing her of a possible lawsuit by Miller. The
letter asked Smith to notify Progressive if Miller filed suit. 
            On September 11, 2001, in response to Progressive’s August 14 inquiry, Miller’s
attorney sent a letter to Progressive stating that Miller had obtained a default judgment against
Smith. This letter was dated four days after the default judgment became final. Thereafter,
Progressive denied coverage, and Miller sued Progressive to enforce the default judgment. 
Progressive filed a motion for summary judgment asserting noncoverage because it did not
receive notice of the underlying lawsuit. Miller filed a motion for summary judgment seeking
to establish coverage. The trial court granted Progressive’s motion for summary judgment
denying coverage and denied Miller’s motion for summary judgment seeking to establish
coverage. This appeal followed.
 
Standard of Review
            Summary judgment is appropriate if the movant establishes that it is entitled to
judgment as a matter of law on the issues set out in the motion. Tex. R. Civ. P. 166a(c). In
reviewing a traditional summary judgment, we apply the following well-established standard:
 
                            1.           The movant for summary judgment has the burden of
showing there is no genuine issue of material fact and that
it is entitled to judgment as a matter of law;
 
                            2.           In deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the
non-movant will be taken as true; and
 
                            3.           Every reasonable inference must be indulged in favor of
the non-movant and any doubts resolved in its favor.


Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). When parties file cross-
motions for summary judgment, each party in support of its own motion necessarily takes the
position that there is no genuine issue of fact in the case and that it is entitled to judgment as
a matter of law. Ackermann v. Vordenbaum, 403 S.W.2d 362, 364 (Tex. 1966). 
            Each party has the burden of clearly proving its right to judgment as a matter of law,
and neither may prevail simply because the other failed to discharge its burden. James v.
Hitchcock Indep. Sch. Dist., 742 S.W.2d 701, 703 (Tex. App.–Houston [1st Dist.] 1987, writ
denied). Where the trial court grants one motion for summary judgment and denies the other,
we must review the summary judgment evidence presented by both sides and determine all
questions presented. Jones v. Strauss, 745 S.W.2d 898, 900 (Tex. 1988). In so doing, we first
review the order granting summary judgment, and if we determine the order was erroneous,
we review the trial court’s action in overruling the denied motion. See Tobin v Garcia, 159
Tex. 58, 64, 316 S.W.2d 396, 400 (1958). We may then either affirm the judgment or reverse
and render the judgment the trial court should have rendered, including one that denies both
motions. Gramercy Ins. Co. v. MRD Investments, Inc., 47 S.W.3d 721, 724 (Tex.
App.–Houston [14th Dist.] 2001, pet. denied) (citing Jones, 745 S.W.2d at 900). We may also
render judgment for the other movant, provided that both parties sought final judgment relief
in their cross motions for summary judgment. See CU Lloyd’s of Texas v. Feldman, 977
S.W.2d 568, 569 (Tex. 1998); Jones, 745 S.W.2d at 900.
            Where, as here, the court’s order does not specify the grounds upon which summary
judgment was granted, we will affirm the judgment on any meritorious theory advanced in the
motion. State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993); Carr v.
Brasher, 776 S.W.2d 567, 569 (Tex. 1989).
 
Estoppel and Waiver
            In his sole issue, Miller contends that Progressive waived its right to rely on the notice
provision of the policy and cooperation clause of the policy. Consequently, Miller argues,
Progressive was estopped to deny coverage and, therefore, was not entitled to summary
judgment. Miller concedes that, as a general rule, where an insurance policy “has the
appropriate wording” requiring its insured to provide notice of suit, the insurance company is
prejudiced as a matter of law if its insured fails to provide the required notice before a default
judgment becomes final and unappealable.


 See Harwell v. State Farm Mut. Auto. Ins. Co.,
896 S.W.2d 170, 174 (Tex. 1995); Liberty Mut. Ins. Co. v. Cruz, 883 S.W.2d 164, 165 (Tex.
1993). Miller does not contend that Progressive had notice of the default judgment prior to
the date the judgment became final. Instead, Miller contends that the “prejudice as a matter
of law” rule is inapplicable here because Progressive paid his property damage claims. Miller
further asserts that Progressive’s payment of the claims is an acknowledgment of liability. 
Consequently, he concludes, Progressive waived its noncoverage defense and was estopped
to deny coverage.
            Progressive maintains that Miller failed to plead waiver and estoppel and, therefore,
may not avail himself of these doctrines. Alternatively, Progressive contends that waiver and
estoppel are inapplicable in this case. Based upon our review of Miller’s summary judgment
motion, we conclude that he has raised both waiver and estoppel. Therefore, we will address
his issue.
Applicable Law
            Waiver has been frequently defined as an intentional relinquishment of a known right
or intentional conduct inconsistent with claiming it. Ford v. State Farm Mut. Auto. Ins. Co.,
550 S.W.2d 663, 666 (Tex. 1977). Waiver is essentially unilateral in character. United
States Fidelity & Guaranty v. Bimco, 464 S.W.2d 353, 358 (Tex. 1971). It results as a legal
consequence from some act or conduct of the party against whom it operates, and no act of the
party in whose favor it is made is necessary to complete it. Id. Waiver need not be based on
estoppel. Id. Estoppel arises where by fault of one, another has been induced to change his
position for the worse. Massachusetts Bonding & Ins. Co. v. Orkin Exterminating Co., 416
S.W.2d 396, 401 (Tex. 1967). Thus, estoppel requires a showing that the insured was
prejudiced by the conduct of the insurer. American Eagle Ins. Co. v. Nettleton, 932 S.W.2d
169, 174-75 (Tex. App.–El Paso 1996, writ denied).
            As a general rule, waiver and estoppel cannot enlarge the risks covered by a policy and
cannot be used to create a new and different contract with respect to the risk covered and the
insurance extended. Minnesota Mut. Life Ins. Co. v. Morse, 487 S.W.2d 317, 320 (Tex.
1972).
In a proper case, however, waiver or estoppel can prevent an insurer from asserting policy
defenses, including the defense of noncoverage. See Tull v. Chubb Group of Ins. Cos., 146
S.W.3d 689, 694-95 (Tex. App.–Amarillo 2004, no pet.).
            In reviewing the record, we note that Progressive paid Miller for the property damage
on May 25, 2000, which was approximately one year before Smith was served with the lawsuit
on May 8, 2001. Therefore, at the time it paid Miller’s property damage claims, Progressive
had no knowledge of its right to deny liability coverage under the policy. Absent such
knowledge, Progressive’s payment of Miller’s property damage claims does not constitute a
waiver of Progressive’s right to rely on the notice provision and cooperation clause of the
policy. See Tull, 146 S.W.3d at 695 (citing Washington Nat’l Ins. Co. v. Craddock, 130 Tex.
251, 253, 109 S.W.2d 165, 166 (Tex. Comm’n App. 1937) (holding that under Texas law,
payment of some policy benefits does not necessarily estop an insurer from asserting its
noncoverage defense)). Miller also points out that on June 28, 2001, Progressive paid a “lien
for ETMC for IGP Korosec.” This payment was also made before Progressive received notice
of Miller’s suit against Smith and likewise does not effect a waiver. Moreover, neither the
payment of Miller’s property damage claims or payment of the ETMC lien prejudiced Smith,
its insured. Therefore, estoppel is inapplicable. See American Eagle Ins. Co., 932 S.W.2d
at 174-75.
            In summary, neither payment of the property damage claims or the ETMC lien
precluded summary judgment against Miller. The summary judgment record contains no
evidence that the actions of Progressive operated to harm Smith or prejudice her position in
Miller’s lawsuit against her. Therefore, waiver and estoppel are not applicable here. 
Accordingly, the trial court properly granted Progressive’s motion for summary judgment. 
Consequently, we do not address the denial of Miller’s motion. Miller’s sole issue is
overruled.
 
Conclusion
            Having overruled Miller’s sole issue, the judgment of the trial court is affirmed.
 
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice


Opinion delivered September 30, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.















(PUBLISH)